HARLOW CHAPIN, Appellant, against JOHN MURPHY, Respondent.

APPEAL FROM THE DISTRICT COURT OF RICE COUNTY.

The Defendant borrowed money, and agreed to pay it in one year, with four per cent. per month interest, with the privilege of keeping it two years by paying the interest annually at the same rate. At the end of the first year nothing was paid on the note for principal or interest, and no action was taken by the holder. Action at the end of the second year for the amount of principal, with interest, at four per cent. per month, for two years. *Held*, That the contract was an alternative one; no act of the lender could extend the contract for a longer time than one year against the will of the borrower, and the election was with the borrower. Had he paid the interest at the end of the first year, no action could have been sustained against him upon the note until the end of the second year; but as soon as he failed to make such payment, a right of action accrued to the lender, and he could have sued at any time during the second year. The damages recoverable upon the note after the first year, is interest at seven per cent. per annum.,

### Points and authorities of Appellant.

*First.*—The doctrine enunciated by this Court in *Mason Craig, et al., vs. Callender, Flint & Co.*, 2 *Minn.*, 350; and *Talcott vs. Marston*, 3 *Minn.*, 339, that " upon breach of a money contract as to the principal, interest ceases, and damages only are recoverable at the rate fixed by law," is too well supported by both reason and authority to admit of dispute, if, indeed, our case required it.

The error of the Judge in the Court below consisted in ignoring the marked distinction which separates the case at bar from those to which we have adverted.

*Second.*—A memorandum upon a note made at the time of its inception, becomes a part of the contract, and limits its construction and effect.

In the note in suit, Defendant promised to pay the principal one year from date, with interest at four per cent. This promise was limited and controlled by the memorandum guaranteeing to him the privilege of retaining the money two years at the same rate, of interest.

The effect of the memorandum is to give the note the same construction as if written : " One or two years from date I promise to pay, &c., with interest, annually, at four per cent. per month. *Makepeace vs. Harvard College,* 10 *Pick,* 298; *Haywood vs. Perrin,* 11 *Pick,* 228; *Hunt vs. Livermore,* 5 *Pick,* 395; *Jones vs. Fales,* 4 *Mass.,* 244; *Young vs. Adams,* 6 *Mass.,* 181; *Springfield Bank vs. Merrick,* 14 *Mass.,* 322; *Bernard, et al., vs. Cushing, et al.,* 4 *Met.,* 231; *Wheelock vs. Freeman,* 13 *Pick.,* 165; *Chitty on Con.,* 8th *Am. Ed.,* 90, *Note.*

*Third.*—The Judge below found, as his conclusions of law, that at the expiration of the first year the contract on the part of the Plaintiff, of forbearance to sue, expired, and a right of action existed in him, and that the Defendant, having paid no interest at the maturity of said note, was under no obligation to keep the money an additional year, and pay the rate of interest specified in the note, thus treating the clause, " by paying interest annually," &c., as a condition precedent to the right of Defendant to retain the money another year.

To this we answer :

1st.—We may well admit the soundness of the foregoing conclusions, and still be entitled to judgment for the amount claimed in the complaint.

Certainly the Defendant was under no obligation to keep the money an additional year ; the contract was in the alternative, and he had his election, and by neglecting to pay at the expiration of the first year, the last day upon which he could make his election, he elected to retain the money the second year, upon the terms specified in the contract, and the first branch of the contract having become impossible, he was bound to perform the last.    2 *Parsons on Con.,* 163–4, 170–1; *Chitty on Con.,* 624–6, *and note.*

2d.—Admitting the clause, " by paying interest annually," to be a condition precedent, the Plaintiff, for whose benefit

the condition attached, had an undoubted right to waive it. A discharge, hindrance or waiver of the performance of a condition precedent by the party to be benefitted, is in law equivalent to performance. *Mitchell vs. Darthy*, 2 *Bingham*, *N. C.*, 555; *Lucas vs. Goodwin*, 3 *Bingham*, *N. C.*, 737; *Chitty on Con.*, 633.

He chose not to take advantage of the breach of the condition, and a party in default cannot take advantage of it, and thus profit by his own wrong. *Chitty on Con.*, 636, *sec.* 16; 2 *Parsons on Con.*, 191.

But it will be said that the rule that a party cannot take advantage of his own wrong, applied just as forcibly in the case of *Talcott vs. Marston* as in this. True, but the plain answer is, that that was an attempt to contract upon a matter which was not the subject of contract, to wit, damages fixed by law, and was simply void.

3d.—But the clause in question, when read as it must be, in connection with the body of the note, is not a condition precedent, because it does not go to the whole consideration of the contract, and a failure to pay only gave the Plaintiff an action for the year's interest then due. 2 *Parsons on Con.* 40–1, *Note K. and L., and cases cited; Chitty on Con.*, 636; *Knight vs. New Eng. Worsted Co.*, 2 *Cush.*, 271.

The clause "by paying interest annually, at four per cent.," amounted to an express agreement on the part of the Defendant to pay interest annually at the rate of four per cent. per month for two years, if he should elect to keep the money so long. 1 *Chitty's Plead*, 4; 4 *Kent Com.*, 136; *Pike vs. Brown*, 7 *Cush*, 133; *Chitty on Con.*, *8th Am. Ed.*, 85–6; 1 *Bouvier's Law Dic.*, 262, 1; *Felch vs. Taylor*, 13 *Pick*, 137.

*Fourth.*—The rule laid down in *Talcott vs. Marston*, applies only when a collateral and additional contract having reference to interest or damages for the detention of money is superadded to the principal contract, to commence at the determination and after the breach of the latter. *See* 3 *Minn.*, 345.

*Fifth.*—The case turns upon the question whether the sum recoverable for the use of the principal during the second year is recoverable as interest or damages, and this depends upon

whether the contract expired at the end of the first year. A condition differs from a limitation in this, that it terminates the estate only at the election of the party injured by its breach. 4 *Kent Com.*, 131.

With reference to the determination of the estate, in or right to retain the money, the clause, if a condition at all, is a condition subsequent, and by analogy the rule as to real estate, laid down in *Nicolls vs. The New York and Erie R. R.*, seems applicable. *See* 2 *Kernan*, 131.

Points and authorities of Respondent.

*First.*—If the Court below committed any error whatever, it was in finding that the note in suit became due at the end of the first year. This being found either for or against the Respondent, the rule, as established by this Court, in the case of *Talcott vs. Marston*, 3 *Minn.*, 339, fixes the rate of inte. rest which the note will draw, and which may go to make up the judgment.

*Second.*—The Court below did not err in finding that the note matured at the end of the year for which it was given.

*Third.*—The Respondent, by refusing to pay the interest at the end of the year, notified the Plaintiff that he would not continue the contract on the terms of the condition.

*Fourth.*—If the Plaintiff has suffered, it was from his own negligence in not bringing suit at the end of the year, when the Respondent failed to avail himself of the privilege of two years, by paying the interest accrued at that time.

*Fifth.*—It was no fault of the Respondent that the Plaintiff did not bring suit as soon as he might. He could not compel him to do so, and that he could not pay the note at the end of the year, when he had the right, is perhaps more his misfortune than his fault, and his having set up this defence is not profiting by his own wrong within the meaning of the law.

*Sixth.*—The rule sought to be established by the Plaintiff in this case seems to be that the Respondent could not have paid his note, principal and interest, at the end of the year, nor at any time before the expiration of two years, unless the Plaintiff had been entirely willing that he should do so, but

that he, the Plaintiff, might refuse to receive payment and compel the payment of interest at four per cent. per month. Such a doctrine is contrary to common, as well as judicial sense, and will not meet with favor in this court.

*Seventh.*—After the court below found that the note became due at the end of the first year there is no distinction between this case and that of *Talcott vs. Marston*, and the rule in that case must apply in this.

*Eighth.*—The payment of one year's interest at the end of the first year was a condition precedent to the right of the Respondent to retain the money two years, and admitting for the argument, that the Plaintiff, by neglecting to sue, in effect waived the performance of the condition, yet he did not do it in such legal shape as to bind him, and so as to debar his right of action at any time after the first year, and the Respondent had no guarantee against a suit by the Plaintiff. This being the case, his promise, *if* a promise, was without mutuality and without consideration.

*Ninth.*—Admitting that the clause at the bottom of the note, " with privilege of two years by paying interest annually, at 4 per cent. per month," must be read and taken in connection with the body of the note, that even will not vary the construction already given in favor of the Respondent.

*Tenth.*—In cases of this nature the decision must always "depend upon the *intention* of the parties, to be collected from the terms of the agreement itself, *and from the subject matter to which it relates.*" 2d *Parsons on Con.*, 6, 10, 39, *and cases cited*; *Dutch Church vs. Bradford*, 8 *Cowan*, 477. Adopting this rule of construction, there can be but one result for considering the nature of the subject to which the contract relates, the customs and usages of the country in that kind of business. It is apparent that the intention of the parties was, that upon failure of the Respondent to pay the interest, a right of action should immediately accrue to the Plaintiff.

*Eleventh.*—In case of a money alternative contract, if he who has the election fails to elect, by performance of the condition precedent, usually a right of action at once vests in the other party. 2 *Parsons on Con.*, 163; *Chitty on Con.*, 624. If this is an alternative contract it is of this nature. If Re-

spondent elected to hire the money another year, on the specified terms, he could do so by paying interest at that time ; if he failed to elect, and the other party had the right of election, he had it then, and should then have exercised it in some legal and definite way ; but by no act of his did he signify such election. He could not continue to hold the right of action and election during the whole year. He should have notified the Defendant of his option. *2d Parsons on Con.*, 182–3, *Note " V;" Respondent cites 3d Minn.*, 339, *Talcott v. Marston.*

COLE & CASE, Counsel for Appellant.

DAVIS & TANNER, Counsel for Respondent.

*By the Court.*—FLANDRAU, J.—The Defendant executed a Promissory note to the Plaintiff for three hundred and twenty dollars, payable in one year, with interest at the rate of four per cent. per month.    After the signature the following note or memorandum was written : " With privilege of two years by paying interest annually at four per cent. per month." At the end of the first year nothing was paid on the note for principal or interest, and no action was taken by the holder. After the expiration of the second year, nothing being paid by the maker, suit was commenced to foreclose a mortgage, which was collateral to the note, and the only question raised in the case is, what is the Plaintiff entitled to for the use of the money the second year ?    Can he recover four per cent. per month, or only seven per cent. per annum, the legal measure of damages ?

The contract is clearly an alternative one, and the question turns upon whether the election rested with the creditor or the debtor to extend it to two years. This, in contracts of this nature will vary with the purpose and object of the agreement; sometimes it may be with one, and sometimes with the other, but the test will generally be, who is the first agent, and ought to do the first act ?    Who shall have the election ? As, if a man granteth a rent of twenty shillings, or a robe, to one, and his heirs, the grantor shall have the election ; for

he is the first agent, by payment of one or delivery of the other. So, if a man maketh a lease, rendering a rent or a robe, the lessee shall have the election, *causa qua supra*. *Co. Litt.* 145 a.; *Layton vs. Pearce, Doug.* 15; *Bac. Abr. Election, B.*; *Chitty on Con.*, 8*th Amer. Ed.*, *p.* 625.

In *Giles vs. Bradley*, 2 *Johnson's Cases*, 253, the Plaintiff purchased of the Defendant's testator a negro slave, and paid for him, and it was agreed that if the Plaintiff or his wife did not like the boy, the testator was to take him back and refund the money, if he was returned within five months of the purchase. The Plaintiff returned him, and was allowed to recover, the Court holding that the contract was obligatory at the option of the Plaintiff, and he could elect to determine it at any time within the five months. See also *Note "A,"* at the end of this case, where several authorities are collected.

In *Disborough vs. Neilson*, 3 *John. Cases*, 81, the Plaintiff contracted to deliver to the Defendant from 700 to 1,000 barrels of meal from the 15th of March to the 1st of May. It was held that the Defendant was bound to receive the whole one thousand barrels if tendered by the Plaintiff within the time, as the election to deliver a less amount rested entirely with the Plaintiff. 11 *Vermont*, 612; 19 *Maine*, 79; 4 *Greenleaf*, 497.

In *McNitt vs. Clark*, 7 *John. R.* 465, the Defendant purchased a patent right, and agreed to pay $400 at the end of six months, or pay two-thirds of the profits, or six hundred dollars at the end of twelve months, or pay two-thirds of the profits at that time. He did neither, and the Court held that under the contract the election was with the Defendant to pay $400 at the end of six months, or account, or to pay $600 at the end of the year, or account for the profits ; but having totally failed to do either, he had lost his election, and the Plaintiff could elect for himself, and recover either he sued for.

In *Smith vs. Sanborn*, 11 *John. R.*, 59, the Defendant agreed to pay eight dollars per acre for a piece of land within a certain time, or if he defaulted, he was to pay nine dollars per acre for the land within a certain other time. Before the expiration of the time within which the De-

Chapin v. Murphy.

fendant was allowed to pay for the land, at nine dollars per acre, the Plaintiff commenced suit for the first default and sought to recover for the land at eight dollars per acre, but the Court held that the election was with the Defendant, and he could have his full time to pay the greater amount at his option, and the Plaintiff was nonsuited.

These cases present a fair illustration of the obligations arising under such contracts. In the case at bar, the Defendant borrowed the money and agreed to pay it in one year, with four per cent. per month interest, with the privilege of keeping it two years by paying the interest annually at the same rate. It is clear that no act of the Plaintiff could extend the contract for a longer period than one year, against the will of the Defendant. Had the Plaintiff, at the end of the year offered to pay the whole amount, principal and interest, he could have terminated the contract by so doing. The election, therefore, was with the Defendant, and to accept the privilege he must have paid the interest due at the end of the first year. Had he done so no action could have been sustained against him on the note until the end of the second year ; but the moment he failed to perform the condition by which alone he could avail himself of the privilege of keeping the money the second year, the Plaintiff had a right of action against him for the note and one year's interest. If the Plaintiff could sue at any time during the second year, then it follows, of course, that the Defendant had no right to the money under the contract, and consequently there rested upon him no obligation to pay the contract price for it.

The Plaintiff insists that as the condition of paying the interest annually was all for his benefit, he could waive it, and that by waiting the second year he had done so. The answer to this, is, that the election in such contracts must be in one or the other party, and cannot be in both. If the Plaintiff, by his act could make the contract a continuing one for two years, then the election was with him ; but the test above given proves it otherwise. The Defendant was the first agent; he was to pay the interest annually, and on that act depended the adoption of the privilege of extension.

The Plaintiff had his right of action at the end of the first year, and if he did not avail himself of it he has no one to blame but himself. The damages recoverable upon the note after the first year are seven per cent. per annum. *Talcott v. Marston*, 3 *Minn. R.*, 339.

Judgment affirmed.