ALBANY,
Feb. 1811.

TUTTLE
v.
LOVE.

---

## TUTTLE against LOVE.

*Assumpsit* lies against a deputy-sheriff, upon an express promise to pay money collected by him on an execution, to the plaintiff.

But the plaintiff must prove a clear and absolute promise.

THIS was an action of *assumpsit*. The declaration contained four counts. The fourth count was on a special undertaking of the defendant; and stated that the defendant being a deputy of the sheriff of *Madison* county, and in the practice of receiving executions, and

It is not sufficient that the deputy sheriff said " that he would pay the amount of the judgment, but not the costs of entering a rule for an attachment," when the plaintiff would not accept the one without the other.

If one party does not accede to a promise, as made, the other party is not bound by it.

collecting the money thereon, without any particular direction or control of the sheriff, on the 1st of *December*, 1809, an execution on a judgment in favour of the plaintiff against one *Morris*, for 200 dollars, was delivered to the defendant, as deputy sheriff, at his special instance and request, and that he afterwards collected and received the money, and was requested to pay it to the plaintiff; whereby the defendant became liable to pay, &c. and being so liable, he undertook and promised to pay, &c. Plea *non assumpsit*.

The cause was tried at the *Madison* circuit, in *May*, 1810, before the *Chief Justice*.

At the trial it was admitted, that the defendant, as deputy sheriff, received of the plaintiff an execution in his favour against *Morris*, for 53 dollars and 5 cents. It was proved, that in *January*, 1810, the defendant said he had not then collected the money on the execution, but expected soon to receive it, and promised to send it to the plaintiff as soon as it was collected; that afterwards, about the 1st of *February*, the defendant received the money of *Morris*; and the clerk of the plaintiff's attorney called on the defendant, and exhibited a bill of the costs of entering a rule for an attachment against the sheriff, but the writ had not been taken out; and the defendant offered to pay the amount of the judgment, but refused to pay the costs of the rule. The clerk declined receiving the money, unless the costs were also paid; and the defendant said he would call and see the plaintiff's attorney in a few days.

A verdict was taken for the plaintiff, subject to the opinion of the court, on a case containing the above facts.

A motion was also made in arrest of judgment, on the ground that *assumpsit* will not lie against a *deputy sheriff*, on a special promise to pay money collected on an execution.

The cause was submitted to the court without argument.

*Per Curiam.* Two motions were submitted to the court upon this case ; the one in arrest of judgment, and the other for judgment for the defendant, upon the facts sated in the case.

1. The fourth count is upon a special contract made by the defendant, promising to pay the money which he had collected for the plaintiff, upon request, and after he had received the money. Such an express promise, founded upon the receipt of the money, may be good. A deputy sheriff, as well as any other agent, may make himself personally responsible by a special undertaking. The general rule is laid down in *Cameron* v. *Reynolds*, (*Cowp.* 403.) that an action will not lie against an under sheriff for a breach of duty in his office. It is the special promise founded upon the collection of the money, that is the ground of this action, and on that ground it may be sustained. But,

2. The evidence did not support the count. There ought to be a clear, absolute promise made out. Here the only evidence of the undertaking was, that the defendant said " he would pay the amount of the judgment, but would not pay the costs of the rule," and the agent of the plaintiff would not accept of the one without the other. The promise, upon the terms offered, not being accepted, ceased to operate. If one party does not accede to the promise, the other party is not bound. What the defendant afterwards said, " that he would come and see Mr. *Randall* (the attorney for the plaintiff) in a few days," amounted to nothing. And as the verdict was taken subject to the opinion of the court, there must be judgment for the defendant.

Judgment for the defendant.