## DEMOSS *v.* NOBLE.

Where a rule of the district court regulated the time of making application for a change of venue; and where on the morning of the day set for the trial of the cause, the defendant filed his motion for a change of venue, founded upon an affidavit, that the plaintiff had such an undue influence over the inhabitants of the county, that he could not expect an impartial trial, which motion was made without previous notice to the adverse party, and without the showing of any cause why it was not sooner made; and where the plaintiff filed a counter-affidavit, and moved to strike the application for a change of venue from the files, for the reason that it was not filed within the time required by the rules of court—which motion was sustained; *Held*, That the court did not err in overruling the application for a change of venue.

Where in an action to recover for materials furnished, and work and labor performed, in the erection of a house, under a written contract, the court charged the jury as follows: "That if the defendant made the first payment in pursuance of the contract, with a full knowledge of the kind of house the building was—if he was present while plaintiff was building the house, and gave his assent to the manner in which plaintiff was building the same—and if he admitted that he was satis-

fied with the building, when the same was finished, and thereupon took possession—these circumstances tend to prove that the building was finished according to the contract;" *Held*, That the instruction was not erroneous.

Where in an action to recover for materials furnished, and work and labor performed, in the erection of a house, under a written contract, there was evidence tending to show that after the house was finished, the plaintiff said to defendant, that if the mortar did not become hard, and make a cement within three months, he would not ask the defendant for the last payment; and where witnesses were introduced, some of whom testified that it did become hard, and others that it did not; and where the court instructed the jury, "that if plaintiff said to defendant, he would not call upon him for the last payment, if the cement did not prove to be better, this would not defeat the plaintiff's action, unless the proposition was acceded to by defendant;" *Held*, 1. That there was no objection to the instruction; 2. That the plaintiff was not bound by the promise, for the reason that there was no mutuality.

### Appeal from the Appanoose District Court.

### WEDNESDAY, OCTOBER 13.

The errors assigned relate to the refusal of the court to grant a change of venue, and to certain instructions given at the request of the plaintiff, which will be found stated in the opinion of the court. Defendant appeals.

*Kelsey & Kelsey*, for the appellant.

*Ives & Perry*, for the appellee.

WRIGHT, C. J.—This case was commenced in Monroe county, and on plaintiff's motion at the June term, 1857, the venue was changed to Appanoose county. At the September term, 1857, of that court, and on the morning of the day set for the trial of the cause, the defendant filed his motion for a change of venue, founded upon an affidavit, that the plaintiff had such an undue influence over the inhabitants of the county, that he could not expect an impartial trial. Plaintiff filed a counter-affidavit, and a motion to strike this application from the files, for the

reason that it was not filed within the time required by the rules of court. This motion was sustained, and the defendant excepted, and now assigns the same for error.

It is immaterial, so far as the defendant is concerned, whether his motion for a change of venue was overruled, or stricken from the files. If his motion was too late, under the rules of court, or the law, it should have been overruled, and it could make no difference to him, that it was disposed of under the motion of plaintiff, in the manner stated in this record. If, on the other hand, it should have been sustained, it was error to sustain the motion of plaintiff. Was there error, then, in refusing the change of venue, or in sustaining this motion to strike the application from the files? We cannot say that there was. In the ninth judicial district, where this case was tried, as well as in most of the other districts of the State, the time of making these applications is regulated by rule—a rule, which in no manner conflicts with the law, but is well calculated to carry out its spirit, and insure its speedy administration. Under this rule, an application made on the morning of the day fixed for the trial of a cause, without previous notice to the adverse party, and without the showing of any cause why it was not sooner made, may properly be overruled. If the court below, in the exercise of a sound discretion, with a full knowledge of all the circumstances, should sustain the application, this court would not interfere. Neither will we, where, as in this case, it is overruled, and the change of venue refused.

Plaintiff seeks to recover for materials furnished, and work and labor performed upon a certain house erected for the defendant, under a written contract. At the request of plaintiff, the court instructed the jury: "That if the plaintiff made the first payment, in pursuance of the contract, with a full knowledge of the kind of a house the building was—if he was present while plaintiff was building the house, and gave his assent to the manner in which plaintiff was building the same—and if he admitted that he was satisfied with the building, when the same was

Demoss v. Noble.

finished, and thereupon took possession—these circumstan-
ces tend to prove that the building was finished according
to the contract." To this instruction the defendant except-
ed, and this is the second error assigned. In this there
was no error. The instruction was quite as favorable for
defendant as he could reasonably ask. If the jury found
all these things to be true, while they might not be con-
clusive, they would certainly very strongly tend to prove
that the contract had been complied with. And to this ef-
fect are all the authorities. *Hayden* v. *Madison*, 7 Greenl.,
76; *Hayward* v. *Leonard*, 7 Pick., 181; *Cutter* v. *Powell*,
6 S. & R., 320, found in 2 Smith's Leading Cases, 1; *Mc-
Cawland* v. *Cressop*, 3 G. Greene, 161.

There was some testimony tending to show, that after
the house was finished, the plaintiff said to defendant, that
if the mortar did not become hard, and make a cement
within three months, he would not ask him, (defendant),
for the last payment. Witnesses were introduced, some
of whom swore, that it did become hard, and others that
it did not. Upon this subject the court instructed the jury:
" That if plaintiff said to defendant, he would not call up-
upon him for the last payment, if the cement did not prove
to be better, this would not defeat the plaintiff's action, un-
less the proposition was acceded to by the defendant."
Whether, if acceded to by defendant, this would have
amounted to a contract which would have barred the
plaintiff, we need not stop to inquire. To the rule as
stated by the court, there can certainly be no fair objection.
The plaintiff was not bound, for the reason that there was
no mutuality. Chitty on Cont., 9; *Tuttle* v. *Love*, 7
Johns., 470; 4 Wheat, 425.

Judgment affirmed.