Swift v. The East Waterloo Hotel Co.

AFFIRMED.

---

SWIFT v. THE EAST WATERLOO HOTEL CO.

1. **Landlord and Tenant:** LEASE.   Where a contract of lease of a hotel stipulated that the building should be ready for occupancy by a time certain, it was *held* that the tenant could recover for any damages suffered by him from defects in its general construction, unfitting it then for use as a hotel.

2. ————: ————: EVIDENCE.   That the tenant took possession at the time fixed therefor in the lease with knowledge of the defects, and without objection, would *not* bar his recovery.   The exclusion of evidence tending to show his knowledge was *held* to be no error.

3. ————: ————: ————.   Evidence that the landlord, when made acquainted with the defect, employed the most skillful mechanics to repair them was *held* to be immaterial, no claim having been made for exemplary damages.

Swift v. The East Waterloo Hotel Co.

*Appeal from Blackhawk Circuit Court.*

WEDNESDAY, APRIL 7.

THIS is an action by a lessee against his lessor upon the covenants of the lease, to recover damages for alleged breaches thereof. The lease was made January 18, 1870, of a hotel building not then completed. The defendant, the lessor, covenanted to complete the building for occupancy as a hotel, on the first day of April following, and in case of injury to the premises by fire or the elements, to repair the same. The plaintiff agreed to lease the same and pay promptly, on penalty of forfeiture, the rent agreed. The plaintiff claims damages for an alleged failure to have the building completed by the time, for defective construction whereby it leaked, etc., and plaintiff's property was injured, for expenses in repairs, etc. The defendant controverted plaintiff's claim, and relied also upon a waiver, etc. There was a jury trial; verdict and judgment for plaintiff for $300. The defendant appeals.

*Boies, Allen & Couch*, for appellant.

*Miller & Preston*, for appellee.

COLE, J.—I. The exceptions taken and the points made during the progress of the trial, as shown by the abstract, were very numerous. The counsel for appellant have grouped and classified them under four heads; and this arrangement is accepted and followed by appellee's counsel. In our brief disposition of the questions, we adopt the same order. The written contract of lease stipulated that the hotel company does let unto H. L. Swift their three-story brick hotel, embracing all of said building, except three stores, etc., and agrees to finish up the office and other parts of said building, for hotel purposes, commencing from the first day of April. The testimony tended to show, (although upon this there was a conflict of evidence), that by reason of defective construction, the roof leaked; and that in many other respects the building was not finished. The court

1. LANDLORD and tenant: lease.

held that under the terms of the lease, it was the duty of the defendant to have the building completed by the first of April, so far as its construction was concerned, so that it could be occupied for the purposes of a hotel with safety and security; and that for any damages resulting from a failure so to do, the plaintiff was entitled to recover. In our view this was correct. This construction does not contemplate the necessity of having all the little conveniences completed; nor would the instruction be so understood; but rather its general construction, so as to be occupied as a hotel.

II. Upon the trial the plaintiff was introduced as a witness, and on his cross examination the defendant's counsel

2. ——: ——: asked him if he knew the condition of the building evidence. when he took possession of it under the lease, and whether he received it, without objection. On motion of plaintiff's counsel, the questions were not answered, because the defendant was bound, by the lease, to put the premises in a suitable condition for the purposes for which they were rented. We do not think it would have been erroneous if the court had allowed the questions to be answered. Nor are we, under the circumstances of this case, prepared to hold that it was necessarily erroneous to exclude the answers. If the answers had been given, and had shown that the plaintiff took possession with full knowledge of the condition, and without objection, this would not constitute a bar to his recovery, nor have shown that he waived the defects, but would only have been evidence, tending in some degree, to show that there were, in fact, no defects. *Demoss v. Noble*, 6 Iowa, 530. But a verdict of the jury that there were none, in view of all the evidence, could hardly be sustained. If it was error, therefore, to exclude the evidence, it was error without prejudice.

III. Under the third point of their argument, the appellant's counsel complain that under the rulings of the court, the defendant was denied a reasonable time, after the first of April, to repair the defects then manifested. But of this the defendant cannot complain, because it is expressly stipulated by the lease, as we have seen, to have the premises then com-

plete and ready for occupancy, regardless of any conditions. As to ordinary repairs, after the tenancy commenced, the court below held that they were to be made by the tenant himself. And, of course, the defendant would have a reasonable time to make repairs caused by the elements, as stipulated in the lease. There is nothing in the evidence tending to show that the failure to have the premises completed by the first of April was the result of the elements, or of any other cause than negligence in construction.

IV. On the trial the defendant offered to prove that when notified of the defects it employed skillful mechanics, and

3. ——: ——: furnished the best of material, and gave directions
—— to have the same made perfect regardless of cost. This was rejected because immaterial. If there had been any claim for exemplary damages because of wantonness, or malice, or for gross negligence, this evidence would not have been immaterial. But the plaintiff only claims actual damages for the defects as they existed; and this is his right and the extent of his right under the lease; and, although the defendant may have employed skillful mechanics, good materials, etc., yet it would be liable. The evidence was, therefore, immaterial, and was properly excluded.

AFFIRMED.