GEORGE WILKINSON *vs.* GEORGE CLAUSON.

April 5, 1882.

**Landlord and Tenant—Representations not Embodied in the Lease.—** In the course of negotiations between plaintiff and defendant for a lease of stores then in process of completion, whose situation required a sewer, plaintiff, who had constructed a sewer therefor with ordinary care, in good faith recommended the said stores as suitable for defendant's business, and stated to defendant " that there was an excellent sewer connected with the stores, which would  *  *  *  make the premises clean." The written lease thereafter executed contained no stipulations upon these matters, and no reference to the sewer. Such sewer was sufficient in ordinary storms, but subsequently proved insufficient in a heavy rain storm of exceptional severity, and the premises were flooded, and defendant's goods greatly damaged. *Held* 1. That said representations are to be taken as the expression of plaintiff's judgment and opinion merely, and fail to sustain the charge of fraud; and the same are not to be construed as part of the terms of the contract.

**Same—Implied Covenants.—**2. There is no implied covenant in the lease that the stores were suitable for defendant's use, or supplied with proper drainage.

**Same—Lessee's Liability for Rents.—**3. No wrongful act or omission on plaintiff's part being shown, and no stipulation in his contract violated, he is not liable for said damage, but is entitled to recover upon said lease.

Action brought by plaintiff in the district court for Ramsey county, to recover rent due under a lease to defendant. The action was tried by *Brill,* J., a jury having been waived, and judgment was ordered for plaintiff for the amount claimed. Defendant appeals from an order refusing a new trial. The case is stated in the opinion.

*E. C. Palmer,* for appellant.

Plaintiff's statements were not expressions of opinion, but representations of existing facts, as to which he had special knowledge and defendant had none. *Faribault* v. *Sater,* 13 Minn. 223; *Johnson* v. *Wallower,* 15 Minn. 472; *Wilder* v. *De Cou,* 18 Minn. 470; *Kelly* v. *Rogers,* 21 Minn. 146; *Burr* v. *Willson,* 22 Minn. 206.

Defendant was not bound to investigate for himself. *Faribault* v. *Sater,* 13 Minn. 223; *Porter* v. *Fletcher,* 25 Minn. 493. There was a misrepresentation upon a point material to the due enjoyment of the property. *Hazard* v. *Irwin,* 18 Pick. 95 ; *Rosevelt* v. *Dale,* 2 Cow. 129; *Tyler* v. *Disbrow,* 40 Mich. 415 ; *Wallace* v. *Lent,* 1 Daly, 481.

The nature of the transaction between the parties implies that plaintiff's stores were safe and adequate, and that defendant should have quiet and undisturbed possession during the stipulated period. *Mack* v. *Patchin,* 42 N. Y. 167; *Young* v. *Hargrave,* 7 Ohio, 348; *Ellis* v. *Welch,* 6 Mass. 246; *Cesar* v. *Karutz,* 60 N. Y. 229; *Thomas* v. *Winchester,* 6 N. Y. 397; *Stott* v. *Rutherford,* 92 U. S. 107; *Ainsworth* v. *Ritt,* 38 Cal. 89; *Dexter* v. *Manley,* 4 Cush. 14; *Byxbie* v. *Wood,* 24 N. Y. 607; *People* v. *Herrick,* 13 Wend. 87; *Marsh* v. *Webber,* 13 Minn. 109; *McAlpin* v. *Powell,* 1 Abb. (N. C.) 427; *Swift* v. *East Waterloo Hotel Co.,* 40 Iowa, 322; *Scott* v. *Simons,* 54 N. H. 426; *Alger* v. *Kennedy,* 49 Vt. 109; *Morley* v. *Attenborough,* 3 Exch. Rep. 500; *Brown* v. *Edgington,* 2 Man. & Gr. 279; *Shepherd* v. *Pybus,* 3 Man. & Gr. 868; *Whittle* v. *Webster,* 55 Ga. 180.

*Chas. N. Bell,* for respondent.

VANDERBURGH, J. The defendant entered into possession of the demised premises prior to November, 1878, and moved out in March, 1880. This action is to recover rent due for the last two months of his occupancy. The lease was for a term of three years and upwards, and before it was executed certain negotiations took place in reference to the stores to be occupied, then being built, during which, as the trial court finds, "the plaintiff recommended said stores to defendant as suitable for his business, which was that of merchandising, and stated to him that there was an excellent sewer connected with the stores, which would * * * make the premises clean." This appears to be the sum of the representations upon which defendant predicates his charge of fraud in connection with the leasing of the premises. The lease itself expresses no covenants on plaintiff's part which are claimed to have been broken. It contains no representations on the subject of the sewer or the suitableness of the tenement for defendant's use; but, aside from the usual covenants for letting,

its provisions relate wholly to the matter of the finishing and fitting up of the rooms to be occupied by defendant, including the basement, in which defendant proposed to store goods. At the time of the negotiations the sewer had been constructed with ordinary care and prudence by plaintiff, and both parties believed the same sufficient, though it was not examined by defendant; and the same was in fact safe and sufficient in ordinary storms, but proved insufficient and inadequate in a heavy rain storm of exceptional severity, which occurred while defendant was occupying the premises, in July, 1879, and said sewer was broken, and the basement flooded with water therefrom in connection also with a large amount of surface water, and the defendant's goods therein were greatly damaged. No other damage is complained of in the case.

The findings of the court, embracing the foregoing facts, are fully supported by the evidence, and, we think, constitute no defence to plaintiff's claim for rent, or cause of action for damages by way of counterclaim. It is apparent that the lease was made in entire good faith, and, the plaintiff having exercised the care of a man of ordinary prudence in the construction of the sewer, which is the only matter complained of, his general statement in reference to the condition and character of the premises must be considered as the expression of his opinion and judgment in the matter, and is insufficient to establish the fraud charged. It was not properly matter of false description, or erroneous statement of facts not known to be true, which might mislead the party to his injury; neither was it competent evidence of the agreement and understanding of the parties, being outside the writing. *Dutton* v. *Gerrish*, 9 Cush. 89.

Laying out of view the question of fraud in the case, the plaintiff's obligation and duty rest wholly in the written contract. The words "demise or let," or their equivalent, in a lease, imply a covenant for title and for quiet enjoyment, but no other covenants on the part of the lessor are implied therein. *Foster* v. *Peyser*, 9 Cush. 242. There is no implied covenant in this lease that the stores were provided with drainage facilities suitable for their location, or that they were suitable for defendant's business for that or any other reason. The lessee is the party most deeply interested in protecting himself

against casualties of storm and fire, and he should see to it that proper stipulations are embraced in the contract for his own security. And, as said in the case just cited, (page 247,) "if the parties really mean a lease to be void by reason of any unfitness in the subject for the purpose intended, they should express that meaning." See, also, *Welles* v. *Castles*, 3 Gray, 323; *McGlashan* v. *Tallmadge*, 37 Barb. 313; *Jaffe* v. *Harteau*, 56 N. Y. 398. There may be one or two exceptions to this rule—as in the case of houses or rooms rented ready-furnished—not, however, material to be considered here.

The case of *Whittle* v. *Webster*, 55 Ga. 180, relied on by appellant, turned upon the statute of that state. *Swift* v. *East Waterloo Hotel Co.*, 40 Iowa, 322, also cited, was an action by the tenant for damages for not furnishing a hotel as covenanted. *McAlpin* v. *Powell*, 1 Abb. (New Cases,) 427, was an action for negligence under the statute for a defective fire-escape. *Scott* v. *Simons*, 54 N. H. 426, in which the court strongly support the doctrine of the cases above cited, was based on a charge of negligence. In *Cesar* v. *Karutz*, 60 N. Y. 229, a landlord had knowingly leased premises infected with contagious disease. Others cited are cases where the course of conduct of the landlord in reference to the premises has been adjudged equivalent to an eviction.

The evidence objected to on the trial by defendant as to the size and manner of construction of the sewer, also the advice and opinion of the city engineer, an expert, about the same, were proper, and went to the question of plaintiff's good faith and due care in its construction. The evidence as to the nature of the storm in question was also proper, to show how the premises were affected by it, and to a full understanding of the real cause of the injury. But the evidence in chief sought to be introduced, of subsequent storms, which are not complained of, was immaterial; and the rejection of the same offer upon cross-examination could in no event have wrought any prejudice as we view the case.

Order affirmed.