## ARTHUR M. RUGG ET AL.
## v.
## JOHN M. DAVIS.

1. CONTRACT—ACCEPTANCE OF.—If a proposition be accompanied with certain conditions or limitations, the acceptance must correspond to it exactly, for if any alteration be suggested, or any exception be made to its exact terms, the provisional acceptance becomes merely a new proposition.

2. BOARD OF TRADE CONTRACT.—Where the offer of appellants was to take ten cars "new No. 2 white corn; new high mixed corn," over that amount being at their option, and the acceptance was entire for ten cars of yellow and ten cars of white, and the variance in the quality was sought to be obviated by proving that the "yellow" corn was a better quality, and under the rule of the board of trade, introduced in evidence, must be accepted in lieu of a lower grade. *Held*, that such regulation can only affect the fulfillment of existing contracts for future delivery of grain, and can have no bearing upon the manner of making the contract; that the attempted acceptance was a new proposition, requiring the assent of appellants to its terms to make it binding.

APPEAL from the Circuit Court of Peoria county; the Hon. N. M. LAWS, Judge, presiding. Opinion filed January 16, 1885.

The appellee commenced this action against the appellants to recover damages for not accepting and paying for grain alleged to have been purchased of him by them.

The defense was no contract. The defendants below were grain dealers in Peoria, and wrote to the appellee, a dealer in grain at Blandinsville, the following letter:

PEORIA, Ill., January 24, 1882.

J. M. DAVIS, Blandinsville, Illinois.

Will give you usual terms at your station, January or February shipments. Peoria weights and inspection.

New No. 2 white corn, 66.

New high mixed corn, 58¼.

No. 2 rye, 96½.

No. 2 white oats, 44.

Mixed oats, 43.

Acceptance to reach us by noon to-morrow, and over ten cars to be at our option.   Market for corn, ——; oats, ——; rye, ——.

Yours truly,

RUGG & BRYAN.

The appellee receiving this sent the following telegram to appellants:

"January 25, 1882.

RUGG & BRYAN, Peoria, Illinois.

Accept your offer.   Ten cars yellow and ten cars white.

"J. M. DAVIS."

It is admitted that the appellants received this telegram within the time stated in their proposition.   On the same day the appellants telegraphed appellee: "Prices named mean delivered to Peoria.   Do you so understand it?"   And were answered: "Your offer was here on track.   Peoria weights and inspection."   Appellants refused then to take the grain, and appellee, alleging he was ready and willing to deliver it, brought this suit and recovered in the court below, and the defendants bring the record into this court.

Mr. JAMES M. RICE, for appellants; as to acceptance of contract, cited Bruce v. Bishop, 43 Vt. 163; Myers v. Smith, 48 Barber, 616; 1 Parsons on Contracts, 475; Hutchinson v. Boker, 5 M. & W. 535; Rommel v. Wingate, 103 Mass. 330; Barrow v. Ker, 10 La. An. 120; Slaymaker v. Irwin, 4 Wheaton, 369; Hutchinson v. Blakeman, 3 Met. (Ky.) 80; Vassar v. Camp, 11 N. Y. 446; Merriam v. Lopsley, 2 McCrary, C. C. 606.

The agreement and understanding must have been expressed by overt act: Jenness v. Mount Hope Iron Co., 53 Me. 21; Nichols v. Mercer, 44 Ill. 252; Kimball v. Custer, 73 Ill. 393; Merchants Ins. Co. v. Morrison, 62 Ill. 246.

Messrs. STEVENS, LEE & HORTON, for appellee.

PILLSBURY, J.   The evidence of the contract between these parties is contained in the letter of Rugg and Bryan of Jan

uary 24th and the telegram of Davis of the next day. The subsequent negotiations related to differences which had arisen between them concerning the places of delivery of the grain as understood by the parties, and never resulted in any final agreement.

Stated most favorably for appellee, the offer of the appellants was to purchase from him certain kinds and grades of grain at the prices named, delivered on the track at Blandinsville, subject to Peoria weights and inspection, all over ten cars to be at their option.

Story says, in his work on Sales, Sec. 136, "If a proposition be accompanied with certain conditions or limitations, the acceptance must correspond to it exactly, for if any alteration be suggested or any exception be made to its exact terms, the provisional acceptance becomes merely a new proposition." Thus, for instance, if a certain number of goods of a certain quality be ordered at the same time, though at distinct prices, the orderer is not bound to accept goods of a different quality or quantity. So, also, if goods of a certain brand or mark be ordered the orderer is not bound to receive goods of a different brand or mark, although they be of equal or superior quality." Parsons says: "It becomes a contract only when the proposition is met by an acceptance which corresponds with it entirely and adequately. Many cases turn upon the question whether this assent to the proposition was entire and adequate. The principle may be stated thus: The assent must comprehend the whole of the proposition; it must be exactly equal to the extent and provisions, and it must not qualify them by any new matter. The respondent is at liberty to accept wholly or reject wholly; but one of these things he must do, for if he answers not rejecting, but proposing to accept under some modifications, this is a rejection of the offer."

The cases of Jordan v. Norton, 4 M. & W. 155; Hutchinson v. Bowker, 5 M. & W. 535; Sivewright v. Archibald, 6 E. L. & E. 286; Bruce v. Pearson, 3 Johns. 534; Tuttle v. Love, 7 Johns. 470; Eliason v. Henshaw, 4 Wheaton, 225; and Rommel v. Wingate, 103 Mass. 327, we refer to as maintaining and illustrating the principle stated from the text books.

Tested by the rule thus declared it is quite clear that the proposition of the appellants was not accepted by appellee in any such manner as would constitute a binding contract. The offer was that they would take ten cars, over that amount being at their option, and the acceptance is entire for ten cars of yellow and ten cars white. The acceptance seems to be indivisible for the twenty cars.

Again the proposition was to purchase "New No. 2 white corn, new high mixed corn," and the acceptance was for ten cars of " yellow " corn.

It is conceded that yellow corn is a different grade and quality from any grade mentioned in the offer, but this variance is sought to be obviated by proving that it is a better quality, and, under the rule of the Board of Trade of Peoria, must be accepted in lieu of a lower grade. That rule was introduced in evidence and is as follows:

Section 7. On all contracts for grain for future delivery, the tender of a higher grade, in whole or in part, than the one contracted for, shall be deemed sufficient; provided, the higher grade tendered is not of a color or quality that will depreciate the value of the other if mixed.

It will be noticed, that giving the rule the validity claimed for it by counsel, it does not purport to make contracts for parties, nor to compel a party when making a proposition to purchase one kind or grade of grain, to assent to an acceptance variant from his offer.

The regulation can only affect the fulfillment of existing contracts for the future delivery of grain and can have no bearing upon the manner of making the contract.

The attempted acceptance was but a new proposition which required the assent of appellants to its terms in order to make it binding. This assent they never gave.

It follows that no right of recovery was shown, and we reverse the judgment without passing upon the other questions made.

Judgment reversed.