Nehrbas, J.
—The ordinary rule of law applicable in cases where contracts are sought to be avoided on the ground of fraud, undoubtedly is, that the party asking for the avoidaiieo must rescind the contract and place his adversary in the same position as he was before entering into the agreement. Harris v. Equitable Life Ass. Soc., 3 Hun, 724, affi'd 64 N. Y., 196; Bowen v. Mandeville, 95 N. Y., 237. But, in many cases, such as in actions upon policies of life insurance, contracts for the sale of real estate, etc., a rescission is not necessary, but a recovery may be had for damages occasioned by the fraud, either by action or by way of counter-claim. See cases cited; also, Gould v. Cayuga Co. Nat. Bank, 99 N. Y., 333; Krumm v. Beach, 96 id., 406. It is contended by the learned counsel for the defendant that in the case at bar no rescission was requisite, but that the jury should have been permitted to award such damages as he may have proved as a consequence of the plaintiff’s fraudulent representations. We cannot agree with this view of the law. Leases cannot ordinarily be placed in the category of the exceptional cases referred to. The defendant received what he was entitled' to under the lease, namely, possession of the premises and suitably furnished, as agreed upon. He retained possession long after his discovery of the falsity of plaintiff’s representations, and continued to pay rent. At the expiration of five months after the execution of the lease, he abandoned the premises, and failed to deliver up possession to the plaintiff. Had the defendant rescinded immediately upon the ■discovery of the condition of the house, as testified by his witnesses, little or no damage would have resulted to him.
But he cannot retain possession and increase his damage, *680 even upon the promise of the landlord to make the repairs,, asked for, and then, after the lapsé of many months, recoup these accumulated damages against the claim for rent. It seems to us that the exception should not be extended to cases like the one under discussion, but that the ordinary rule should be applied. Occasionally the fraud of the landlord may altogether bar his action for rent. Thus,, when he agrees to lease several parcels of land, but cannot give possession of all, and the tenant is compelled to hire the undelivered portion from other parties at substantially the same rent he had agreed to pay his landlord, this amounts to a fraud upon the tenant and a verdict in his favor in an action for the rent will be sustained. Allaire v. Whitney, 1 Hill, 484.
But no damages have in fact been proved which could, legitimately be the subject of a counter-claim by the defendant. There was, therefore, nothing to be deducted from the plaintiff’s claim, and, as defendant still retained possession of the premises, no proper delivery t'a the plaintiff having been proven, there was nothing for the jury to pass upon.
Again it has been said that a, representation by the landlord, that the plumbing is in good order, is to be regarded merely as the expression of an opinion and not as the assertion of a fact. Coulson v. Whiting, 12 Daly, 413, citing 12 N. W. Rep., 147.
The defective plumbing seems to be the main cause of complaint, resulting in the illness of the defendant’s family and boarders. The remarks of the learned judge writing-the opinion in Coulson v. Whiting (supra) are quite a propos in this case. The premises do not appear to have been in a sufficiently uninhabitable condition to stamp the representations made by the landlord as fraudulent. The needed repairs might have been made by the tenant at a trifling expense, and all his subsequent troubles avoided, if he honestly intended to avoid them, and this expense might, have formed a substantial basis for a counter-claim.
As to the question of an eviction, we are referred to the case of Bradley v. De Goicouria (12 Daly, 393). That case refers to suites of rooms in apartment houses in which the-tenant has no control over the plumbing outside of his own apartments, and it is held that the landlord is bound so to-construct the plumbing in the building that no noxious-odors permeate the rooms rented to individual tenants. But that rule can have no application to an entire building. It is elementary that the landlord is under no obligation to-repair, unless he so agrees by the lease.
The modification established by Bradley v. Be Goicouria (supra) is peculiarly adapted to tenement and apartment. *681 houses in cities, and is a necessary corollary to our rapid growth in population, and to the requirements of comfort and health for the bulk of our people. But it was never intended to modify the rule in regard to entire buildings leased as a whole. Sutphin v. Seebas, 12 Daly, 139, and Coulson v. Whiting, supra.
The fact that the house was overrun with vermin, such as cockroaches, bed-bugs, crotonbugs, etc., cannot be relied upon as a ground for an eviction. Pomeroy v. Tyler, 9 N. Y. State Rep., 514.
In such cases the rule of caveat emptor applies (1 Daly, 486). No eviction has been' shown, and none can be predicated upon the fraudulent representations.
It follows that the direction in favor of plaintiff was right, and the judgment entered thereon should be affirmed, with costs.
Ehrlich, J., concurs.