LENA HARPEL v. AMELIA B. FALL.[1]

January 27, 1896.

Nos. 9547—(14).

**Liability of Landlord—Dangerous Premises—Obvious Defects.**

Where there is no agreement to repair the demised premises by the landlord, and he is not guilty of any fraud or concealment as to their safe condition, and the defects in the premises are not secret, but obvious, the tenant takes the risk of their safe occupancy; and the landlord is not liable to him or to any person entering under his title or upon the premises by his invitation for injuries sustained by reason of their unsafe condition.

**Verdict not Sustained.**

Evidence considered, and *held*, that it does not justify the verdict.

[1] Reported in 65 N. W. 913.

Appeal by defendant from an order of the district court for Hennepin county, Russell, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $2,000. Reversed.

*White & Egelston*, for appellant.

*Freeman P. Lane, Wm. H. Briggs*, and *Lane & Nantz*, for respondent.

START, C. J. This is an action to recover damages for injuries sustained by the plaintiff in falling through a hole in a porch, which ran along the rear of the second story of a building owned by the defendant. There was a verdict for the plaintiff, and the case comes to this court on appeal by defendant from an order denying her motion for a new trial. The only alleged error which it is necessary for us to consider is that the verdict is not justified by the evidence, and is contrary to law.

The evidence shows that the defendant was the owner of a three-story brick building, and that she leased to a Mrs. Dunlap certain flats on the second floor thereof, adjoining the porch in question. The plaintiff leased from Mrs. Dunlap one room in her flats. The rear porch along the second story of the building was 4 feet 9 inches wide, with a railing 2½ feet high. A door opened from the hallway of the second story to the porch, and directly in line with this door, and at the edge of the porch, a stairway led to the ground. On the left side of the door, and 5 feet therefrom, there was an opening in the floor of the porch 3 feet square, with a smokestack 18 inches in diameter, extending from the ground up through the porch, leaving an uncovered hole in the floor on one side of the stack, large enough to permit a person of the size of the plaintiff to drop through. The defendant had knowledge of the existence of the hole, for it was in the floor when Mrs. Dunlap rented her flats, and it was open, unconcealed, and apparent to any one passing along the porch, and so remained without change until after the plaintiff's injury, except that she claims that there was a movable box over it the last time she was near the stack prior to the accident. The plaintiff on June 29, 1893, and while she was still a tenant of Mrs. Dunlap, with her consent went upon the porch, near the stack, there to do some washing in some tubs belonging to Mrs. Dunlap, and, in passing around one of the tubs, fell through

the hole, and sustained the injuries for which she seeks to recover damages in this case.

The evidence is silent as to the terms of the lease from the defendant to Mrs. Dunlap, and leaves in doubt the question whether that part of the porch through which the plaintiff fell was included in the demised premises as appurtenant thereto. Counsel for the defendant assumes that it was, and counsel for plaintiff seem to so concede, for they state in their brief that the first question in the case is, "Was it the duty of the defendant to keep the premises in a reasonably safe condition for occupancy?" and, further, that "there can be no question about the general rule that in all cases a landlord is bound to keep his premises in a reasonably safe condition, unless the tenant assumes that duty, and waives his right to insist on that obligation," and again: "There was certainly in this case evidence introduced competent for the jury to consider on the question whether the landlord kept the premises in a reasonably safe condition for the purposes of the subtenancy." The evidence shows that the porch, at the place where the accident occurred, was not used by the tenants of the building in common as a way of ingress or egress, or for any other purpose. It also shows that Mrs. Dunlap used it for the purpose of doing her washing, and that at the time of the accident the plaintiff was there, by the permission and in the right of Mrs. Dunlap.

It is clear from this statement of the evidence and facts in this case that if the proposition is correct, which is urged by plaintiff's counsel, to the effect that in all cases a landlord is bound to keep the demised premises in a reasonably safe condition, unless the tenant assumes that duty, the verdict is sustained by the law and evidence; otherwise, it is not. In support of this legal proposition, counsel rely upon the following cases in this court: Nash v. Minneapolis Mill Co., 24 Minn. 501; City of Wabasha v. Southworth, 54 Minn. 79, 55 N. W. 818. These cases are not in point, for they have no reference to the duty of a landlord to his tenant or subtenant, or persons claiming under them, as to keeping the premises in a reasonably safe condition, but they deal with the duty, in this respect, of an owner in the possession and control of his premises to persons lawfully using or coming upon them. In the first case the defendant had constructed, for milling purposes,

a canal some 80 feet wide and 1,000 feet long. The water from the river was taken into the canal, and the land along its sides was let by the defendant to various tenants for mill sites, and to each of them a right of way was granted over the canal to the premises so let. A platform was constructed over the whole of the canal, and was used in common by all who had business with the mills, in the same manner as a public thoroughfare is used. And the court held that the ownership, possession, and control of the platform remained in the defendant, subject only to the right of way granted to its tenants; and therefore, as such owner, in possession and control, it was bound to use ordinary care to keep the platform in a safe condition. If the facts of the case at bar have in fact any analogy to the case cited, the evidence fails to show it. In the case of City of Wabasha v. Southworth, the owner of a lot abutting upon a public street, for the convenience and use of his lot, constructed a hatchway and trapdoor in the sidewalk; and it was held that he was bound to exercise ordinary care to keep them in a safe condition, and that he could not relieve himself from liability to persons injured while lawfully using the sidewalk, by abandoning their use. The owner's liability to his tenant, or to persons claiming under the tenant, by reason of the unsafe condition of the hatchway and trapdoor, was not involved in the case.

The rule contended for by the plaintiff is correct when applied to the owner in the possession and control of real property, but it does not apply as between landlord and tenant and those claiming under the latter, where there is no agreement in the lease or otherwise that the landlord shall keep the premises in repair. This is settled upon authority, beyond reasonable controversy. Where the owner of land demises it with a nuisance upon it, he is presumed to authorize its continuance, and is liable to third persons subsequently injured thereby. For example, where a house is in such a ruinous condition at the time of the demise that it subsequently falls upon and injures an adjacent building or persons or property lawfully therein, he is liable for the injuries. But this rule has no application to injuries to tenants or subtenants of the owner where the defects were obvious at the time of the demise, and the lessor is guilty of no deceit in the premises, and has not covenanted to make repairs. In justice, the rule ought to apply to tenants, but

the law is otherwise, and it is not our province to make or repeal laws. It is well settled that in the absence of any covenant or agreement in the lease to repair, and where there is no fraud, misrepresentation, or concealment by the lessor, there is no implied warranty on his part that the leased premises are fit for the purposes for which they are rented, or covenant to put them in repair or to keep them so. Wilkinson v. Clauson, 29 Minn. 91, 12 N. W. 147; Krueger v. Ferrant, 29 Minn. 385, 13 N. W. 158.

A corollary of this proposition is that where there is no agreement to repair leased premises by the landlord, and he is not guilty of any fraud or concealment as to their safe condition, and the defects in the premises are not secret, but obvious, the tenant takes the risk of their safe occupancy; and the landlord is not liable to him or to any person entering under his title, or who is upon the premises by his invitation, for injuries sustained by reason of the unsafe condition of the premises. Bowe v. Hunking, 135 Mass. 380; Cole v. McKey, 66 Wis. 500, 29 N. W. 279; O'Brien v. Capwell, 59 Barb. 497; 1 Taylor, Landl. & Ten. § 175a; 2 Wood, Landl. & Ten. § 536, p. 1292.

The burden was upon the plaintiff to show that the defendant owed to her some legal duty as to the safe condition of the premises in question. The evidence, when considered with reference to the law as we have stated it, fails to show that the defendant did owe such legal duty to the plaintiff. Therefore, the verdict is not justified by the evidence.

Order reversed, and a new trial granted.