# LOUISA J. GOOD v. A. E. VON HEMERT.[1]

## May 19, 1911.

## Nos. 17,113—(146.)

**Negligence of landlord in making repairs.**

Where a landlord agrees with his tenant to repair leased premises, in consideration of a continuance of the lease, and his negligence in making the repairs results in making the premises unsafe, he is liable for injuries caused thereby to the lessee, if the lessee is free from contributory negligence.

**Promise to repair — consideration.**

An agreement by a tenant to continue as a tenant from month to month is a sufficient consideration for a promise by the landlord to repair the premises.

Action in the district court for Ramsey county to recover $5,300 for personal injuries. The complaint alleged that under the terms of a certain lease made between the parties, it was the duty of defendant to maintain and keep the premises, and particularly a certain porch, railings and guards in good repair, but that she failed to do so. The answer admitted that plaintiff was a member of the Pederson family, who were occupying his premises as tenants, and that she fell from the porch and was injured, but denied any knowledge as to the extent of her injuries. The case was tried before Bunn, J., and a jury which returned a verdict in favor of plaintiff for $3,350. From an order denying defendant's motion for a new trial, she appealed. Affirmed.

*How, Butler & Mitchell,* for appellant.
*Price Wickersham,* for respondent.

[1]Reported in 131 N. W. 466.

[Note] Right of tenant to recover for personal injuries received through landlord's breach of contract to repair, see note in 11 L.R.A.(N.S.) 504.

Liability of landlord for injury to tenant's property from breach of his covenant to repair, see note in 16 L.R.A.(N.S.) 738.

LEWIS, J.

For several years prior to May, 1909, plaintiff's father occupied a flat belonging to defendant under a written lease, and plaintiff lived with him as his housekeeper. Subsequent to that time they remained as tenants from month to month under an oral agreement. Defendant was a nonresident, and W. C. Read was her resident agent. In the latter part of May plaintiff called Mr. Read's attention to the condition of the house, and told him that they would move out unless he would make all necessary repairs. He agreed to do so, and in consideration of the promise they remained. Soon thereafter Mr. Read caused the house to be repaired, including the front porch and a railing on one side of it. The railing was about waist high and four and one-half feet long. Two months after the repairs were made, while plaintiff was shaking a rug over the railing, it gave way, causing her to fall five feet to the ground. She recovered a verdict, and defendant appealed from an order denying a new trial.

The rule in this jurisdiction is, where a landlord agrees to repair the leased premises, and his negligence in making repairs results in an unsafe condition of the premises, he is liable for injuries caused thereby to persons lawfully upon the premises who are not guilty of contributory negligence. Barron v. Liedloff, 95 Minn. 474, 104 N. W. 289. In that case the landlord had agreed to make certain specific repairs and to put the premises in first-class condition. He undertook to do so, but was negligent in failing to remove a rotten board. If the lessor agreed to repair the railing, and did it in such manner that it was apparently safe, then the lessee had a right to assume that it was safe, and the landlord is liable, if he failed to exercise ordinary care in making the repairs. This is the principle upon which the Barron case was decided. In that case such a promise was held to inure to the benefit of one, not a lessee, who was lawfully on the premises; but that question is not here involved.

The agreement of plaintiff to remain as tenant from month to month was a sufficient consideration for the promise to repair. The evidence tends to show that the repairs were made pursuant to Mr. Read's promise; but it was not proven who did the work. The premises occupied by plaintiff consisted of a flat—one of several

in a row or building. Some offers of evidence were made by de-, fendant to prove that the repairing was done by an independent contractor; but it was not shown that the contractor did the particular work in question, and the offer was too indefinite.

Affirmed.

BUNN, J., took no part.