## ETTA M. AMES v. A. T. BRANDVOLD.[1]

December 6, 1912.

Nos. 17,967—(137).

**Judgment on the pleadings — construction of complaint.**

In deciding whether a complaint states a cause of action when the question is raised for the first time at the trial on a motion for judgment on

[1] Reported in 138 N. W. 786.

Note.—As to liability of landlord generally for injury to tenants from defects in premises, see note in 34 L.R.A.(N.S.) 798.

As to liability of owner for injury to tenant's guests or employees by defect in premises, see note in 17 L.R.A.(N.S.) 1161.

As to liability to trespasser or bare licensee from active as distinguished from passive negligence, see note in 36 L.R.A.(N.S.) 492.

the pleadings, plaintiff is entitled to every intendment and inference which a jury might legitimately draw from its allegations, and the motion should be denied if the complaint can be sustained by the most liberal construction.

### Liability of landlord for defect in leased premises.

If, at the time of a lease, the demised premises are in a defective and dangerous condition which is known to the landlord, and concealed from the tenant, the former is liable to the tenant or his licensee who, without negligence on his part, is injured by reason of such dangerous condition, although the landlord does not covenant to make repairs.

### Complaint construed.

Complaint in this case construed, and *held*, as against an objection raised for the first time on a motion for judgment on the pleadings, to state a cause of action.

Action in the district court for Rice county to recover $10,000 for personal injuries. Defendant's motion for judgment on the pleadings was granted by Childress, J. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*Robert Mee,* for appellant.

*Thomas H. Quinn,* for respondent.

BUNN, J.

This is an action to recover for personal injuries sustained by plaintiff while a guest of a tenant of defendant. Defendant interposed an answer, which was, in substance, a general denial. The court, on defendant's motion, granted judgment on the pleadings, and from the judgment entered on this order plaintiff appealed.

The question here is whether the complaint states a cause of action, under the very liberal rules of construction that must be adopted when the objection is raised for the first time on the trial, on a motion for judgment on the pleadings. There is no doubt that on such a motion, plaintiff is entitled to every intendment and inference which a jury might legitimately draw from the allegations of the complaint. The test is not whether a demurrer would be sustained. The motion should be denied, if the complaint can be sustained by the most liberal construction. 2 Dunnell, Minn. Dig. § 7694, cases in note. This clearly ought to be the rule; a judgment

on the pleadings may foreclose the plaintiff absolutely, though he in fact have a good case, while a ruling against the complaint on a demurrer is not ordinarily final, because of the right usually granted plaintiff to amend.

The complaint in substance is as follows: Defendant owns a lot in Faribault, on which he maintains a dwelling house and appurtenances, including an outhouse. During all the times mentioned in the complaint, this lot, house and appurtenances were and are leased to a tenant, who occupies the premises as a home. The outhouse was placed over a deep excavation, an abandoned well, contrary to an ordinance of the city. Defendant carelessly and negligently allowed the timbers supporting the floor to become rotten and unsafe, and carelessly and negligently failed to repair the same. These timbers were concealed from view, and the rotten and unsafe condition thereof could not be discovered by persons using the outhouse. Plaintiff was a guest of the lessee, and in using the outhouse, the floor gave way, owing to the rotten condition of the timbers supporting it. Plaintiff thereby sustained injuries for which she seeks to recover damages in this action.

The trial court held that in the absence of allegations of an agreement by the landlord to repair, or that he knew of the dangerous trap on the premises and concealed its existence from the tenant, the complaint stated no cause of action. The proposition is well settled in this state, as it is elsewhere, that where there is no agreement by the landlord to repair the demised premises, and he is not guilty of any fraud or concealment as to their safe condition, and the defects in the premises are not secret, but obvious, the tenant takes the risk of their safe occupancy, and the landlord is not liable to him or to any person entering under his title or by his invitation, for injuries sustained by reason of their unsafe condition. Harpel v. Fall, 63 Minn. 520, 65 N. W. 913; Wilkinson v. Clauson, 29 Minn. 91, 12 N. W. 147; Krueger v. Ferrant, 29 Minn. 385, 13 N. W. 158.

We have no desire to depart from the doctrine of these cases, but their authority should be confined to the principles they decide, and not extended. For instance, when there is an agreement by the landlord to repair, he is liable for injuries caused to the tenant or

his licensee by reason of a defective condition of the demised premises. Barron v. Liedloff, 95 Minn. 474, 104 N. W. 289; Good v. Von Hemert, 114 Minn. 393, 131 N. W. 466. So also where the landlord demises premises with a nuisance upon them, "he is presumed to authorize its continuance, and is liable to third persons subsequently injured thereby. For example when a house is in such a ruinous condition at the time of the demise that it subsequently falls upon and injures an adjacent building, or persons or property lawfully therein, he is liable for the injuries." Start, C. J., in Harpel v. Fall, supra. This is substantially the "concealed trap" doctrine and has abundant support both in reason and authority. If there is a concealed danger on the premises known to the landlord and unknown to the tenant at the time of the lease, the landlord is liable to the tenant or to his licensees who may without negligence be injured thereby, though the landlord does not covenant to make repairs. Kayser v. Lindell, 73 Minn. 123, 75 N. W. 1038; 24 Cyc. 1114; Moore v. Parker, 63 Kan. 52, 64 Pac. 975, 53 L.R.A. 778, and Coke v. Gutkese, 80 Ky. 598, 44 Am. Rep. 499, are cases in their facts very similar to the case at bar, in which the above doctrine was applied.

If therefore, in the instant case, the complaint can reasonably be construed as alleging the dangerous condition of the premises at the time of the lease, and that this was concealed from the tenant, it states a cause of action. It is alleged that the outhouse was placed over a deep excavation, that defendant allowed the timbers supporting the floor to become rotten and neglected to renew or repair the same, though he knew or should have known they would soon become "decayed, rotten, and weakened." It is alleged that these timbers were concealed from view, "that the condition thereof could not be discovered by a person ordinarily using the same," and that the place was a "concealed and dangerous trap." It is not clear that the pleader intended to allege that the conditions were known to the landlord and concealed from the tenant at the time the lease was entered into. But as against a motion for judgment on the pleadings, we think the complaint may fairly be so construed. It appears that there had been a trial of the case resulting in a verdict for plain-

tiff, and that the trial court granted a new trial. It is very likely that, in granting the subsequent motion for judgment on the pleadings, the decision was influenced by the court's recollection of the evidence on the former trial. We have not the benefit of this knowledge, and of course could not use it if we had. The case must be decided here, as it should have been below, solely on the complaint, and giving the pleader the benefit of every intendment and inference which a jury might legitimately draw from its allegations. It may appear on a trial that no case can be made, but we think the complaint is, as against this motion, sufficient to permit the introduction of evidence which would make a case for a jury. Even if it should be determined that any particular item of evidence was inadmissible under its allegations, there is always the chance that plaintiff may be permitted to amend his pleading so as to make the evidence admissible.

Judgment reversed.