# NANCY B. GLIDDEN v. WILLIAM E. GOODFELLOW
## and Another.[1]

December 19, 1913.

Nos. 18,331—(149).

**Landlord's covenant to repair — duty to third person.**

 1. Where the landlord by the terms of the lease expressly contracts to keep the leased premises in repair, a legal duty thereby arises on his part toward third persons lawfully upon the premises to perform the contract, and a negligent failure to do so, which results in injury to such third person, renders him liable for such damages as may have been suffered in consequence of his negligence.

**Covenant to keep heated.**

 2. The rule applies to a case where the landlord contracts to keep the leased premises properly heated, and his negligent failure to perform the contract renders him liable to a servant of the tenant who suffers injury in consequence of the neglect.

Action in the district court for Hennepin county to recover $25,-000. From an order Hale, J., sustaining the demurrer of defendant Goodfellow, plaintiff appealed. Reversed.

*Spooner, Laybourn & Lucas,* for appellant.

*William Furst,* for respondent.

BROWN, C. J.

The facts in the case, reduced to their last analysis, as shown by the allegations of the complaint, and so far as here important, are as follows: Defendant Goodfellow by a lease of certain premises to the Smith Typewriter Co., to be occupied by the tenant as a dealer

[1] Reported in 144 N. W. 428.

---

Note.—On the question of the effect of landlord's breach of contract to repair on his liability to tenant's guests or servants from defects in premises, see note in 17 L.R.A.(N.S.) 1163.

As to the duty and liability of landlord of apartment as to heating, see note in 37 L.R.A.(N.S.) 1213.

in typewriters and typewriter supplies, covenanted and agreed to supply the premises with heat during the cold weather season from a heating plant owned and operated by him. The tenant took possession under this contract, and the covenant to heat the same was in part the consideration of the rents agreed to be paid for the use of the premises. Defendant negligently and carelessly, so the complaint alleges, failed properly and suitably to heat the premises and thereby committed a breach of the contract. Plaintiff was in the employ of the tenant, and in the performance of her duties was obliged to be within and about the premises. By reason of the failure of defendant properly to heat them, plaintiff contracted a severe cold which developed into tuberculosis, from which she has since suffered and which she alleges has permanently impaired her health. She therefore demands judgment for the sum of $25,000. Defendant Goodfellow interposed a general demurrer to the complaint, and plaintiff appealed from an order sustaining the same.

The only question presented is whether defendant Goodfellow, the landlord, having expressly contracted in and by the terms and provisions of the lease to keep the leased premises suitably heated, is liable to a servant of the tenant for his negligent failure to comply with the contract in that respect.

There is much confusion and conflict in the authorities upon the question, which we make no effort to reconcile or explain, though a few observations in respect to the divergent views of the different courts may not be out of place.

The courts are practically in accord in holding the landlord not liable to an employee of the tenant, his guest or patron, for injuries received in person or property, from a defective condition of the leased premises arising subsequent to the date of the contract, except where the landlord has expressly contracted by the terms of the lease to keep and maintain the premises in repair, or the duty or obligation to do so is imposed by statute, and except perhaps in other special instances, as to total strangers to both the landlord and tenant, not necessary here to point out. 1 Tiffany, Landlord & T. § 97, et seq., and authorities there cited. Many of the courts both of this country and England hold to the rule of nonliability even where the land-

lord has contracted to repair, the theory of the decisions being that the failure of the landlord to make repairs constitutes a breach of the contract, and since the injured third person was not a party to the contract he can have no action for a breach of the same. Burdick v. Cheadle, 26 Oh. St. 393, 20 Am. Rep. 767. The authorities upholding this view of the law have the support of Judge Freeman in a note to Griffin v. Jackson L. & P. Co. 92 Am. St. 496, wherein all the authorities are collected and cited. He there said that, "on principle, the view that the contract by the landlord to keep the premises in good repair gives no right of action to a stranger to the contract seems preferable. It is in accord with the general principle that one cannot sue on a contract to which he is not a party." But there are numerous authorities wherein it is broadly stated that the landlord is liable directly to the servants and patrons of the tenant in such cases, the theory being that since the tenant is liable to his servant or patron, and the landlord is in turn liable over to the tenant, a circuity of action is avoided by permitting the injured third person to proceed against the landlord direct. 1 Tiffany, Landlord & Tenant, § 107. A distinction between "third persons" who are total strangers to both the landlord and tenant, and those who are upon the premises at the invitation of the tenant, is made by the authorities applying this rule. Note, 92 Am. St. 508, subd. 3. Very few cases have arisen in this country calling for an application of the rule, as pointed out by Mr. Tiffany, supra, and it has its origin perhaps in the dictum of the courts in cases where there was no contract to repair, wherein the courts have broadly stated that there is no liability "unless the landlord has agreed to repair," leaving the inference that there is liability if there was a contract to repair. But however established, it has been firmly engrafted on the law as an exception to the general rule of nonliability in such cases, and has thus become of itself an affirmative rule of liability. The soundness of the theory supporting the rule, avoidance of circuity of action, has been and may well be questioned, for it is clear on principle that, to authorize a suit by the injured party directly against the landlord, there should appear either the violation of some contract right, to which contract the injured person was, directly or indirectly, a party, or the violation

of some legal duty arising from the landlord to him.    The mere fact that circuity of action will be avoided by permitting the action against the landlord would seem not enough to vest in the third person the right of action.

But we think the true basis for the liability, as respects the servants and others upon the premises at the invitation of the tenant, must be found in an implied legal duty on the part of the landlord to keep and perform his contract for their benefit and protection. They have of course no remedy on the contract, for they are not parties to it and are strangers to its obligations.    The sole remedy is an action for the wrong committed by the landlord, by his negligence in failing to perform an act assumed by him, which he was bound under the circumstances to know would protect them from harm if performed, or expose them to injury if not performed.    A case like that at bar might well be held to come within the rule applicable to property leased for public purposes:    Wharves, concert and public entertainment halls, and the like.    In such cases the negligent failure of the landlord to perform his contract with the tenant to keep the premises in repair renders him liable, and the authorities hold to the rule of liability even in the absence of express contract to repair.    92 Am. St., note on page 513; Albert v. State, 66 Md. 325, 7 Atl. 697, 59 Am. Rep. 159; Swords v. Edgar, 59 N. Y. 28, 17 Am. Rep. 295; Joyce v. Martin, 15 R. I. 558, 10 Atl. 620; Oxford v. Leathe, 165 Mass. 254, 43 N. E. 92.

In the case at bar the premises were adapted to and were leased for commercial purposes, namely:    The conduct of the tenant's business as a retail dealer in typewriters and typewriter supplies.    The character of the business was stated in the lease and necessarily it was within the contemplation of the parties that the tenant would employ clerks and servants, and that the public generally would resort to the premises for the purpose of dealing with the tenant.    In such a case persons going upon the premises for the lawful purpose of dealing with the tenant would be entitled to protection from dangers arising from the lack of proper repairs, and it would clearly be the duty of the landlord as well as the tenant to exercise reasonable care to avoid injury to them in that respect.    This duty on the part of the

landlord would arise from his express contract with the tenant, for in contemplation of law it was made to ensure the safe condition of the premises for the transaction of the tenant's business therein. An agreement to keep the premises properly heated, and the negligent failure to perform the same, cannot on principle be differentiated from the case of failure to keep in repair. The purpose of the undertaking by the landlord was to maintain the premises in habitable condition, not only for the tenant, but also for his employees. The contract created an implied legal duty on the part of the landlord toward the employees to keep and perform the same, and a negligent violation thereof ought to vest in them the right of action against him, if such neglect be the proximate cause of the injury sustained and the employees be not guilty of contributory negligence, or assume the risks incident to continuing in the employ of the tenant in the unheated premises. The employee cannot of course, in any such case, have any greater right than the contract confers upon the tenant. Note, 92 Am. St. 509, subd. 4.

The case is distinguishable from those wherein it is held that a water company, under contract with a municipality to furnish to its citizens a sufficient supply of water for domestic and fire purposes, is not liable to an individual for a failure to perform the contract, either in tort or for the breach of the contract. The weight of authority upholds that rule, (Howsmon v. Water Works, 119 Mo. 304, 24 S. W. 784, 23 L.R.A. 164, and note 41 Am. St. 654) though the liability of the water company has been affirmed by some courts of high standing, the basis and reasoning of which, namely: An implied legal obligation to third persons, sustains on principle the view we take of the question in this case. Pond v. New Rochelle Water Co. 183 N. Y. 330, 76 N. E. 211, 1 L.R.A.(N.S.) 958, 5 Ann. Cas. 504; Gorrell v. Greenboro Water Supply Co. 124 N. C. 328, 32 S. E. 720, 46 L.R.A. 513; Duncan v. Owensboro Water Co. 12 Ky. L. 35, 12 S. W. 57; Guardian T. & D. Co. v. Fisher, 200 U. S. 57, 67, 26 Sup. Ct. 186, 50 L. ed. 367. As remarked by Mr. Justice Brewer in the last case cited:

"One may acquire by contract an opportunity for acts and conduct in which parties other than those with whom he contracts are inter-

ested and for negligence in which he is liable in damages to such other parties."

But we need not pursue the subject further. Whether this theory of the true ground of liability be sound or unsound, our former decisions it would seem, though without any particular discussion of the question, logically place this court in line with those holding the landlord liable to third persons lawfully upon the premises, where he has by the terms of the lease expressly contracted to keep and maintain them in repair. There can be, as already stated, no distinction between a contract to repair, and one to keep the premises properly heated, and our former decisions apply to the facts here presented. Barron v. Liedloff, 95 Minn. 474, 104 N. W. 289; Williams v. Dickson, 122 Minn. 49, 141 N. W. 849; Good v. Von Hemert, 114 Minn. 393, 131 N. W. 466; Nash v. Minneapolis Mill Co. 24 Minn. 501, 31 Am. St. 349. In the Barron case the landlord agreed to keep the premises in repair and for his negligent failure to do so he was held liable to a sublessee of the tenant, and to all persons lawfully upon the premises at the invitation of the tenant. It was there urged, as it is in the case at bar, that there was no contractual or other relation between the landlord and the injured party and, therefore, that there could be no liability. The contention was not sustained. In the Dickson case the liability was held to extend to a servant of the tenant, and in the Good case to a member of his family. We are not disposed to question the soundness of these decisions and follow and apply them to the case at bar. Authorities supporting the decision in the Barron case will be found in a note to Dustin v. Curtis, 11 L.R.A. (N.S.) 504, 507.

This disposes of the case. The question whether the damages claimed by plaintiff in consequence of the tuberculosis alleged to have resulted from the cold contracted by reason of the unheated premises are too remote, what other damages she may be entitled to, if any, or whether she assumed the risk of continuing in the employ of the tenant with knowledge of the condition of the premises, we do not consider. Such questions are not presented. We dispose of the case upon the single question whether, under the facts pleaded, lia-

bility on the part of the defendant is shown.   All other questions must be determined when issue is joined and the cause tried.

Order reversed.