# M. E. WARDWELL v. HANNAH CAMERON.[1]

June 19, 1914.

Nos. 18,686—(128).

*Negligence — noncombustible fire escape — evidence.*

In this action for injuries claimed to have been received when a fire in the building, in which plaintiff was guest of an occupant, drove her upon an outside fire escape which was, through defendant's alleged negligence, so inadequately constructed that there was no safe way of getting down therefrom, it is *held:*

(1) The evidence justified the jury in finding that plaintiff's daughter was lawfully in the building as a subtenant; and that plaintiff, her guest, was also rightfully there when the fire happened.

(2) Also in finding that the building was one, to defendant's knowledge, which came under section 5108, G. S. 1913, requiring noncombustible fire escape ladders on the outside.

(3) Plaintiff was within the protection of the statute. And the fact that the ladder upon the building did not come within 20 feet of the ground justifies a finding that the statute was violated by defendant. A ladder within the contemplation of the statute must be such that it affords a reasonably safe escape from a burning building when other ways are closed or cut off.

(4) Plaintiff in attempting to descend from the ladder to the ground was not guilty of negligence as a matter of law.

Action in the district court for Ramsey county to recover $15,000 for personal injury received at the time of a fire in a building owned by defendant. The facts are stated in the opinion. The case was tried before Olin B. Lewis, J., who denied defendant's motion to dismiss the action, and a jury which returned a verdict of $3,713 in

[1] Reported in 148 N. W. 110.

Note.—On the general question of the liability for injuries caused by lack or insufficiency of fire escapes, see notes in 15 L.R.A. 160; 10 L.R.A.(N.S.) 177; 21 L.R.A.(N.S.) 178, and 39 L.R.A.(N.S.) 744. And as to the liability for absence or condition of fire escapes to tenant of part of premises, see note in 23 L.R.A. 157.

favor of plaintiff. From an order denying her motion for judgment notwithstanding the verdict, defendant appealed. Affirmed.

*Morphy, Ewing, Bradford & Cummins* and *C. D. O'Brien,* for appellant.

*Wickersham & Churchill,* for respondent.

HOLT, J.

The same fire out of which arose the preceding case of Margaret McColl, as special administratrix of the estate of Jeanette Wilfond against this same defendant, gave rise to the events here involved. A further description of the premises and the circumstances of the fire is unnecessary, except as required to present the questions which arise on this appeal. Plaintiff at the time of the fire was a guest of her daughter who had rented two rooms from Anna Little, a tenant of defendant. Mrs. Little's apartment was on the easterly side of the building and the one just below the top floor in which Miss Wilfond met her death. When plaintiff discovered the building to be on fire, exit by the stairways was cut off and she, with others, sought the fire escape on the outside of the rear wall, access to which was obtained through a window in her daughter's room. This fire escape consisted of a balcony of open iron grillwork extending along the wall and on the same level as the floor. It was connected with a like balcony on the second floor, being the floor below, by means of an iron ladder. But there was no ladder leading down to the ground from the second floor, a distance of about 20 feet. Plaintiff reached this second balcony safely, but, frightened by flames and falling embers, she either jumped or tried to slide down upon an improvised rope which broke. The injuries from the fall were severe. She recovered a verdict. The defendant's motion for judgment having been denied, judgment was entered upon the verdict, and this appeal followed.

The question with respect to the plaintiff being rightfully in the building, or being one to whom defendant owed some duty of care, is the same here as in the preceding case with this difference, that, on the controverted point whether Mrs. Little's lease prohibited subletting, the court instructed the jury that, if a provision to that

effect was in the lease, plaintiff could not recover. The lease was lost. The defendant claimed to have similar leases with all her tenants, but no lease was produced. There was testimony to sustain the verdict in so far as it includes a finding that the lease did not forbid subletting.

Abundant evidence sustains the plaintiff's claim, submitted to the jury, that this building was occupied, to defendant's knowledge, by so many persons that outside fire escapes were required thereon, under sections 5105, 5107 and 5108, G. S. 1913. And this is true, even if the basement flats be excluded in counting the "stories" of the building. In Leuthold v. Stickney, 116 Minn. 299, 133 N. W. 856, 39 L.R.A.(N.S.) 231, Ann. Cas. 1913B, 405, it is said in respect to this law: "The statute is designed to protect persons permanently or temporarily in buildings of the enumerated classes to some extent from the dangers incident to conflagrations." There can be no doubt that, if the landlord owes a duty to a tenant in the matter of providing fire escapes, the same is also owing the members of the family, the servants and the guests of the tenant.

The jury were instructed that the defendant could not be held liable for plaintiff's injuries, unless the weight of the testimony showed that she was negligent in maintaining an insufficient fire escape, and that such negligence caused the injuries. The defendant contends that the fire escape complies with the statute, and, at any rate, whether it did was not a jury question. The provision referred to reads: "For each five thousand feet of area, or fraction thereof, covered by a building in class three, there shall be provided one outside standpipe as described in section 5107 and one noncombustible ladder or stairway for each twenty persons, or fraction thereof, that such building accommodates above the first story." With reference to noncompliance with this provision of the law, and that is the only fact upon which plaintiff can predicate actionable negligence against defendant, the court charged: "There is no claim that this fire escape which was upon the building did not meet all the requirements of the law so far as it extended, but it is the claim of the plaintiff that it was not a reasonably adequate and safe fire escape or noncombustible ladder or stairway for the reason, plaintiff

claims, that it afforded no means of reaching the ground from the second story platform, some 18 or 20 feet above the ground." It is to be observed that the statute does not specifically say that the ladder shall go to the ground, or that it should go below the second story, and therefore it is maintained that there was no violation of this statute. In other words, penal statutes, and this is one, must speak for themselves and no provision should be engrafted thereon by construction. Generally this is so. The defendant's duty is measured by the statute. At the same time the purpose and aim of a law is to be considered in applying its provisions. Clearly the act in question was passed for the sole purpose of protecting human life and limb in buildings where there exists more than the ordinary peril from conflagrations. It is a preventive remedy and should be construed so as to effectuate its purpose. A fire escape is but a delusion, unless thereby the person exposed to the perils of the fire is enabled to get out of and away from the burning building. No argument is needed to demonstrate that a contrivance which leaves persons, fleeing from a burning structure, clinging to a narrow iron balcony attached .thereto, from which there is no escape except by a jump or fall of 20 feet to the ground below, is not worthy the name of a fire escape within the meaning of any statute, attempting to give protection against the dangers incident to fires in large and congested buildings. The fire escape must necessarily connect with a place of safety. In the city of St. Paul there are many high buildings, where the first floor is even with the ground on three sides, but on the fourth side is a precipice of 50 or more feet below the same floor. Could it be maintained that the owner complied with this statute, if he placed his fire escapes on this fourth side with no ladder leading down below the first floor? An instructive case on this point is Johnson v. Steam Gauge & Lantern Co. 146 N. Y. 152, 40 N. E. 773, where the fire escape went within 10 feet of a platform over an area and would have been sufficient perhaps, had not the defendant taken away part of the platform thereby endangering the descent from the fire escape. It was held that this condition justified a finding of negligence. In Adams v. Cumberland Inn Co. 117 Tenn. 470, 101 S. W. 428, a city ordinance read: "Fire escapes shall be at-

tached to all buildings, those now erected as well as those hereafter to be erected, where any story or stories, above the second story, is now or shall be hereafter held, used, or occupied specially and distinctly as hotels," etc.   The kind of escapes was not prescribed more definitely than the ladder for buildings like the one here concerned.  The court says: "The ordinance does not provide upon what particular part of the hotel or other building fire escapes shall be placed; but, upon a fair construction, it requires the owner to construct them in such numbers and at such places as will afford the guest and employees a reasonable opportunity to use them and escape from the house in case of fire.   *   *   *   It was a question for the jury to say whether a reasonable compliance with the ordinance, considering the construction of the building, required the company to place escapes in front and on the sides near the front part of it."  So here we think it a fair question for the jury whether there was negligence in not bringing the ladder down closer to the ground, so as to afford a reasonably safe escape from the building.  The statute does not state how far down the ladder shall extend, it merely requires one ladder for every 20 persons, or fraction thereof, that such building accommodates above the first story.  In Rose v. King, 49 Oh. St. 213, 30 N. E. 267, 15 L.R.A. 160, the statute required convenient exits and the court says: "It does not follow that the exits for the benefit of occupants of the second, or any story, in order to be 'convenient' and 'easily accessible in case of fire' must necessarily be built to the ground.  Manifestly what would be 'convenient' as to a first story of 10 feet in height might not prove so if the story were 18 feet in height; and that which would be 'convenient' where the way was clear, and the ground underneath free from obstructions, would not be so if wires or other obstacles were below it so as to prevent safe descent, or the space beneath occupied by railings or area steps, or other things of like nature, dangerous to light upon.  What would be proper and 'convenient' would have to be determined by the circumstances of each case."

Plaintiff cannot be charged with contributory negligence as a matter of law, because she jumped or attempted to go down a too frail rope.  The testimony tends to show that burning embers were

falling among those on the balcony; that flames came out of the window in close proximity; that plaintiff and others with her were afraid that the walls would fall in; that one of the women climbed down and hung to a bracket under the balcony for some time before being rescued, and that all were more or less seized with terror. Under such circumstances it would be strange if any jury would find contributory negligence in trying to escape in the way attempted by plaintiff; surely the court ought not so to hold.

We do not think any other question merits consideration, or is presented by the record.

Judgment affirmed.