## BESSIE DALEY v. HORACE A. TOWNE and Others.[1]

October 30, 1914.

Nos. 18,740—(234).[2]

**Covenant to repair — obvious defects — liability of landlord.**

1. When a landlord does not covenant to keep the demised premises in repair, and such defects as exist therein are obvious, and there is no concealment, and the defects do not constitute a nuisance, the lessee takes the risk of their safe occupancy, and the landlord is not liable to him for an injury sustained in their use or to one occupying under him.

**Directed verdict.**

2. Applying this doctrine it is *held* that the court properly directed a verdict for two of the defendants occupying the position of landlords.

Action in the district court for Ramsey county to recover $10,500 for personal injury. The case was tried before Catlin, J., who granted the motions of defendants Towne and Joesting to direct verdicts in their favor and denied a similar motion by defendant

---

[1] Reported in 149 N. W. 368.          [2] April, 1914, term calendar.

Note.—Liability of landlord for personal injury to tenant or member of his family from defect in premises, see notes in 34 L.R.A. 824; 34 L.R.A.(N.S.) 798; 48 L.R.A.(N.S.) 917.

Whitford.    The jury returned a verdict for $5,000 against defend-
ant Whitford.    From the order denying her motion for a new trial
as to defendants Towne and Joesting, plaintiff appealed.    Affirmed.
    *Drill & Drill* and *H. A. Loughran,* for appellant.
    *Flannery & Cooke* and *Butler & Mitchell,* for respondents.

DIBELL, C.
    The defendant Towne owned a four story building in St. Paul.
In 1906 he leased it for five years, commencing May 1, 1908, to the
defendant Joesting.    Afterwards, in October, 1910, the lease was
extended to April 30, 1918.    In August, 1911, Joesting sublet the
second and third floors to one Pinckney for a term expiring Sep-
tember 1, 1916.    Pinckney, in October, 1912, assigned the lease to
the defendant Whitford with the consent of Joesting.    In all of the
leases there was a covenant on the part of the lessees to repair, and
in the assignment to Whitford the latter assumed the covenants of
the prior leases.
    Whitford used the premises as a rooming-house.    Plaintiff was
a guest, renting a room on the third floor from week to week.    About
two o'clock in the morning of January 10, 1913, she was injured.
Her claim, sufficiently substantiated by evidence, is that she started
from somewhere on the third floor to go to the toilet room and opened
or went through a door which led into a skylight just above the
bath-room of the second floor.    She fell through into the bath-room
and was seriously injured.    Her claim is that the door over the sky-
light was open, or off its hinges, so that she was misled.
    The court directed a verdict for the defendants Towne and Joest-
ing.    The plaintiff had a verdict against the defendant Whitford.
The plaintiff appeals from the order denying her motion for a new
trial as to the defendants Towne and Joesting.
    1. The general principles of law applicable are fairly well settled.
    When the landlord does not agree to repair, and such defects in the
premises as exist are obvious, and there is no concealment of their
condition, and the situation is not such as to create a nuisance,
the lessee takes the risk of their safe occupancy, and the landlord is
not liable to him or to one claiming under him.    This is the rule

stated in Harpel v. Fall, 63 Minn. 520, 65 N. W. 913, to which the later cases refer as authority. There Chief Justice Start said:

"Where the owner of land demises it with a nuisance upon it, he is presumed to authorize its continuance, and is liable to third persons subsequently injured thereby. For example, where a house is in such a ruinous condition at the time of the demise that it subsequently falls upon and injures an adjacent building or persons or property lawfully therein, he is liable for the injuries. But this rule has no application to injuries to tenants or subtenants of the owner where the defects were obvious at the time of the demise, and the lessor is guilty of no deceit in the premises, and has not covenanted to make repairs. * * * It is well settled that in the absence of any covenant or agreement in the lease to repair, and where there is no fraud, misrepresentation, or concealment by the lessor, there is no implied warranty on his part that the leased premises are fit for the purposes for which they are rented, or covenant to put them in repair or to keep them so. * * *

"A corollary of this proposition is that where there is no agreement to repair leased premises by the landlord, and he is not guilty of any fraud or concealment as to their safe condition, and the defects in the premises are not secret, but obvious, the tenant takes the risk of their safe occupancy; and the landlord is not liable to him or to any person entering under his title, or who is upon the premises by his invitation, for injuries sustained by reason of the unsafe condition of the premises."

This and later cases are reviewed and the same doctrine announced in Ames v. Brandvold, 119 Minn. 521, 138 N. W. 786.

2. Applying the doctrine of these cases, and of others cited later, the direction of a verdict in favor of Towne and Joesting must be sustained.

There is some evidence that the door leading from the hall into the light-well was off its hinges, and lying on the skylight, prior to the time of the lease from Towne to Joesting. If so, it was easily observable. Prior to the leasing to Pinckney, in August, 1911, and long prior to the accident, Joesting observed the condition of the door. He was not misled. He was under covenant to keep in re-

pair. He at once caused the door to be nailed up. This appears by credible evidence which should not be disregarded. It was prior to the Pinckney lease. Upon taking possession Pinckney made an inspection and found the condition of the light-well and the door entering it. No difficulty was found in ascertaining the presence and condition of the light-well. This was 16 months prior to the plaintiff's injury. The defect which resulted in her injury was of later origin.

The case at bar is not a case where the landlord covenants to repair and negligently fails to do so (Good v. Von Hemert, 114 Minn. 393, 131 N. W. 466; Barron v. Liedloff, 95 Minn. 474, 104 N. W. 289); nor a case where the premises are let with a nuisance upon them (Isham v. Broderick, 89 Minn. 397, 95 N. W. 224); nor a case where the landlord retains general control over passageways, halls, and the like, and there is thus imposed upon him the duty of keeping in repair (Williams v. Dickson, 122 Minn. 49, 141 N. W. 849; Farley v. Byers, 106 Minn. 260, 118 N. W. 1023, 130 Am. St. 613). It is substantially controlled by Harpel v. Fall, *supra.*

Order affirmed.