## CAROLINE NICKELSEN v. MINNEAPOLIS, NORTHFIELD & SOUTHERN RAILWAY.[1]

July 2, 1926.

No. 25,437.

**Lessor of bridge, which has surrendered possession to lessee under terms stated, not liable for defect appearing more than 6 months later.**
Where a county leases a private driveway, being a part of a railroad bridge across a stream, for a public highway for a term of years, under which lease the county has exclusive possession and control of the whole driveway and assumes the duty to maintain and keep it in repair, and the evidence is undisputed that it replanked and repaired the driveway where needed and opened the same to the public, the lessor is not liable for an accident caused, more than six months thereafter, by a defect or want of repair in the planking of said driveway which had then made its appearance.

Bridges, 9 C. J. p. 468 n. 11.

Action in the district court for Ramsey county to recover damages for personal injuries. The case was tried before Michael, J., who directed a verdict in favor of defendant. Plaintiff appealed from an order denying her motion for a new trial. Affirmed.

*Clayton Parks* and *Howard S. Spencer*, for appellant.

*Grant L. Martin, Lancaster, Simpson, Junell & Dorsey* and *Snyder, Gale & Richards*, for respondent.

HOLT, J.

A verdict was directed for defendant, and plaintiff appeals from the order denying a new trial.

The action is to recover damages resulting from the alleged negligence of defendant in permitting the planking to become loose and out of repair upon a bridge crossing the Minnesota river, near Savage. The bridge is owned by defendant and is so constructed that, while the westerly half carries the track of defendant's railroad, the

[1]Reported in 209 N. W. 646.

easterly half, 14 feet in width, affords a driveway for automobiles and other vehicles. This driveway was built for the private use of the late Mr. Savage, but early in November, 1919, defendant let, by a written lease, to the county of Hennepin that half of the bridge on which was the driveway. The county thereupon secured land and built public roads approaching it on either side of the river, the purpose being to open a public road leading from Hennepin county south into Scott and adjacent counties.

In August following, plaintiff in an automobile operated by her husband drove upon the southerly end of the driveway intending to cross into Hennepin county and, in making the sharp turn from the road onto the bridge, the left front wheel of the car caught in a space between the ends of the loose planks of the driveway and the planking for the railroad track, with the result that when the driver sought to extricate the wheel by steering in the opposite direction the auto responded so quickly that before he could straighten his course the machine struck and went through the railing to the right, dropping 35 feet to the edge of the river below. In the fall plaintiff received serious injuries. If defendant is legally responsible for the loose planking, it must be conceded that the evidence made out a question of negligence for the jury.

Under the law, as it has always existed in this state, the county, in the maintenance of public roads and bridges, is not liable in damages to those injured through its failure to exercise ordinary care to keep in repair. May the fact that defendant leased this driveway to the county for a public highway throw responsibility upon it in spite of the fact that as to the planking or surface thereof the lessee expressly agreed to maintain and repair it?

The pertinent portions of the lease are in substance these: The county might widen the driveway and improve it, but the plans therefor must first be submitted to and approved by the engineer of defendant; of the annual rental of $1,750, payable quarterly beginning January 1, 1920, it was agreed "that in view of the fact that the right of way hereby leased is at present in need of re-planking * * * by the Lessee, and that the cost and expense thereof, not

in any event to exceed the sum of One Thousand ($1,000) Dollars, shall be accepted by the Lessor and credited to the Lessee as a payment of that amount on the rents first due under this lease." The county was to take the bridge in the condition it then was and make all necessary repairs to the right of way occupied by it and pay one-half of the cost of repainting the entire bridge whenever necessary, and to maintain any extensions and improvements it makes in a good and safe condition; the county assumed no liability for the improvement or maintenance of the structural portion of the bridge, or for the "draw" provided for navigation, but was to furnish the help necessary to operate the draw and safeguard the public in its operation; the county also was to hold defendant harmless on account of damages from accidents occurring on the driveway and approaches. The lease was for 10 years with privilege of renewals.

It is clear that the parties to the lease did all that they could do to place the maintenance, control of and responsibility for the planking or surface of the roadway leased upon the county, the lessee. Defendant reserved no rights of possession or control and assumed no duties as to the maintenance or repair of the surface of the leased roadway of the bridge. Therefore the rule applied in these cases of lessor and lessee governs: Wilkinson v. Clauson, 29 Minn. 91, 12 N. W. 147; Krueger v. Ferrant, Id. 385, 13 N. W. 158, 43 Am. Rep. 223; Harpel v. Fall, 63 Minn. 520, 65 N. W. 913; Daley v. Towne, 127 Minn. 231, 149 N. W. 368; Keegan v. G. Heileman Brewing Co. 129 Minn. 496, 152 N. W. 877, L. R. A. 1916F, 1149. In Harpel v. Fall, supra, the inapplicability of Nash v. Minneapolis Mill Co. 24 Minn. 501, 31 Am. Rep. 349, on which appellant relies, is sufficiently pointed out.

This apt quotation from Daley v. Towne, supra, disposes of this appeal without much further discussion:

"The case at bar is not a case where the landlord covenants to repair and negligently fails to do so (Good v. Von Hamert, 114 Minn. 393, 131 N. W. 466; Barron v. Liedloff, 95 Minn. 474, 104 N. W. 289); nor a case where the premises are let with a nuisance upon them (Isham v. Broderick, 89 Minn. 397, 95 N. W. 224); nor a case where

the landlord retains general control over passageways, halls and the like, and there is thus imposed upon him the duty of keeping in repair (Williams v. Dickson, 122 Minn. 49, 141 N. W. 849; Farley v. Byers, 106 Minn. 260, 118 N. W. 1023, 130 Am. St. 613). It is substantially controlled by Harpel v. Fall, supra."

The evidence is undisputed that soon after the lease was made, and in January and February of 1920 the county took possession of the bridge and repaired the planking where needed and threw it open for public travel. The lease recognized that repairs were necessary and it cannot therefore be claimed that the lessor may be chargeable for hidden defects. Moreover, there is no contradiction of the testimony of the county officials, who attended to the repairs and replanking, that at least half a year before the accident to plaintiff the planking and surface of the bridge had been put in good condition. That having been done, there can arise no responsibility as to the lessor on the theory that there was a lease of a driveway for a public use, the surface or planking of which was a nuisance or contained hidden defects. The evidence leaves no room for finding that the defect or disrepair which caused the accident existed when the county had finished the repairs it made early in 1920. Hence the cause of plaintiff's injuries arose after the county was in exclusive possession and control of the driveway leased to it.

This is not a case where the lessor retained any possession or control of any part of the surface of the roadway of the bridge, and cases like Farley v. Byers, supra; Williams v. Dickson, supra; Rose v. Mooers Brothers Inc. 161 Minn. 149, 201 N. W. 303, are not in point; neither are the wharf cases cited by appellant from other jurisdictions; nor is Crist v. M. St. P. & S. Ste. M. Ry. Co. 162 Minn. 1, 202 N. W. 57, for there the law placed the primary duty upon the railroad company to maintain the approaches to the bridge over its tracks, even though the highway authorities had taken it over; nor was this a hidden structural defect in the plan or manner of building the surface of the roadway leased, like Larson v. Calder's Park Co. 54 Utah, 325, 329, 180 Pac. 599, 4 A. L. R. 731; nor a case where the county in ignorance of a hidden defect became lessee

and threw it open for public use, as in Joyce v. Martin, 15 R. I. 558, 10 Atl. 620, and in Campbell v. Portland Sugar Co. 62 Me. 552, 16 Am. Rep. 503.

This bridge was built and owned by defendant for private and not for public use, as in the case of the wharf in Albert v. State, 66 Md. 325, 7 Atl. 697, 59 Am. Rep. 159, where a lessor who knew or in the exercise of reasonable care should have known of its insecurity was held responsible. Had defendant sold instead of leased this part of the bridge to the county, of course there could have been no liability for this accident. It is not easy to see why under the terms of this lease the lessor should be any more responsible for the planking which had become loose, so far as the evidence shows, after the county had placed it in good condition and opened the bridge as one of its public highways for the proper maintenance of which the county alone is chargeable in law.

The decision of the learned trial court is right.

The order is affirmed.