## ANNETTE CEDERBERG v. GUST F. NELSON.[1]

December 27, 1929.

No. 27,569.

*Thomson & Williams,* for appellant.
*R. E. Plankerton,* for respondent.

TAYLOR, C.

Defendant owned a two-story frame apartment building in the city of Minneapolis and rented the apartments therein to tenants under verbal leases with the understanding that he was to furnish no janitor service and that the halls and walk were to be kept clean by the tenants themselves. A flight of eight concrete steps led from a porch at the front of the building down to a walk which led to the sidewalk. There were no gutters on the roof of the porch to carry away the water from the melting snow which accumulated thereon; and the water from such melting snow fell from the roof directly upon the steps where it froze and formed icy ridges. On February 23, 1928, plaintiff visited a friend who occupied an apart-

[1]Reported in 228 N. W. 352.

ment in the building, and as she was going down the steps when leaving she slipped on the ice on one of them and fell, breaking her leg. She brought suit against defendant and recovered a verdict. Defendant appealed from a denial of the usual alternative motion for judgment non obstante or for a new trial.

Defendant claims that the facts bring this case within the doctrine of Harpel v. Fall, 63 Minn. 520, 65 N. W. 913, 914, and the cases approving that doctrine. In that case the court said [63 Minn. 524]:

"Where there is no agreement to repair leased premises by the landlord, and he is not guilty of any fraud or concealment as to their safe condition, and the defects in the premises are not secret, but obvious, the tenant takes the risk of their safe occupancy; and the landlord is not liable to him or to any person entering under his title, or who is upon the premises by his invitation, for injuries sustained by reason of the unsafe condition of the premises."

Plaintiff claims that the facts bring the instant case within the doctrine of Isham v. Broderick, 89 Minn. 397, 95 N. W. 224, and the cases approving that doctrine. In that case the water from the roof of a building occupied by tenants was conducted by a pipe to within a few inches of the sidewalk and was there discharged upon a depression in the sidewalk where it froze and formed dangerous ridges. The court held that by discharging the water upon the sidewalk by means of a pipe and allowing it to freeze in dangerous ridges thereon the owner of the premises created a nuisance and was liable for the injuries resulting therefrom.

We are of opinion that the fact that the water from melting snow on the roof of the porch fell upon the steps and froze thereon does not bring the instant case within the doctrine of nuisances applied in the Isham case, 89 Minn. 397, 95 N. W. 224, in which a dangerous condition was artificially created in a public highway; but that the undisputed facts bring the case within the rule exonerating the landlord from liability for defects in the leased premises applied in the Harpel case, 63 Minn. 520, 65 N. W. 913.

This conclusion requires that the order be reversed and that judgment be directed for defendant, and it is so ordered.